FRANK WHAPLES

*v.*

THE CITY OF WAUKEGAN.

*Opinion filed April 17, 1899.*

1. PUBLIC IMPROVEMENTS—*improvement must be based on petition in cities under 25,000 population.* Section 7 of the Local Improvement act of 1897, (Laws of 1897, p. 104,) providing that the improvement board may originate a scheme for local improvement with or without a petition, does not authorize the board to act without a petition in cities of less than 25,000 population.

2. SAME—*petition to board need not specifically describe improvement.* The petition to the local improvement board need not specify in detail the nature, character and locality of the improvement, it being sufficient if its general terms clearly indicate the improvement desired by the petitioners.

3. SAME—*grade of street to be paved is an important element.* The grade at which a street shall be paved is clearly an element entering into and affecting the determination of a property owner as to the advisability of his signing the improvement petition.

4. SAME—*city cannot change grade and use same improvement petition.* An improvement petition having been signed and accepted by the board and an ordinance recommended and passed for paving a street at the then established grade, the city cannot afterwards change the grade and rely upon the same petition as authorizing another ordinance for paving at the new grade.

5. SAME—*city must abandon former improvement after changing grade.* A city having changed the grade of a street after the passage of an ordinance to pave at the former established grade, in accordance with the recommendation of the improvement board based upon a petition, should abandon the first improvement and repeal the ordinance, leaving it to the property owners to say whether the street shall be paved at the new grade.

APPEAL from the County Court of Lake county; the Hon. D. L. JONES, Judge, presiding.

The county court of Lake county confirmed special assessments levied by the city of Waukegan for the purpose of defraying the expense of paving a part of Water street, in that city, and appellant, who was the owner of certain of the property against which the said assessments were

confirmed, has brought the proceeding to this court by appeal. The assessment proceeding is in virtue of an act entitled "An act concerning local improvements," approved June 14, 1897. (Laws of 1897, p. 101; Hurd's Stat. 1897, p. 356.) The city of Waukegan has less than 25,000 inhabitants.

Stated briefly, the material facts disclosed by the record are: The board of local improvements of the appellee city, in response to a petition in accordance with the provisions of section 7 of the act, and after holding the public meeting required to be held by section 8 of the act, recommended an ordinance be passed by the city council of the appellee city providing that a portion of Water street be paved with brick, to be paid for by special assessments, and that in pursuance of such recommendation the city council passed an ordinance for such improvement, which required the pavement should be laid to conform to the existing grade of said Water street as theretofore established by the city council of the city of Waukegan, as shown by profiles on file in the office of the city clerk; that a petition for a judgment confirming assessments on the property to be benefited was filed in the county court, and that while such petition was pending the city council adopted a resolution changing the grade of Water street and raising the grade level upon an average of nearly two feet above the grade level established by the profiles on file in the office of the city clerk and referred to in the ordinance; that the board of local improvements convened on the same day the city council passed the resolution to change the grade of the street, and caused an estimate to be made by the city engineer of the cost of making the proposed improvement of said Water street by "paving the same to the level mentioned in the resolution adopted by the city council," and directed the city attorney, with the assistance of the city engineer, to prepare an ordinance for the improvement of the said street as provided by the prior ordi-

nance, except that the road-bed of the street should be excavated, graded and sloped for a brick pavement when laid to conform to the grade of said street as last established by the city council of said city; that an ordinance was framed in accordance with such directions and submitted to the city council, accompanied by the recommendation of the board of local improvements that it should be adopted; that such ordinance was adopted by the city council of the appellee city on the 15th day of September, 1898; that on the following day, September 16, 1898, the city caused the proceeding for confirmation which was pending in the county court under the prior ordinance to be dismissed, and on the same last mentioned day filed a petition for a judgment of confirmation of assessments under the ordinance last adopted.

The appellant, who is the owner of premises abutting on that portion of Water street designed to be improved, appeared and filed a number of objections, of which the following only need be noticed, viz.: "That the owners in the majority of frontage in one or more contiguous blocks abutting on said street have not petitioned for the said improvement; * * * that the improvement proposed to be made is not the improvement petitioned for by the abutting property owners." His objections were overruled and judgment was entered confirming the assessments for benefits against his property. He questions the correctness of the judgment by this appeal.

R. W. COON, and S. H. KENNEDY, for appellant.

LESLIE P. HANNA, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The objections interposed by the appellant were well grounded and should have been sustained. The act upon which the proceeding is based directs the creation of a board of local improvements, and provides that all ordinances for local improvements to be paid for by special

assessments or special taxation shall originate with the board; but section 4 of the act expressly provides that in cities, towns or villages having a population of less than 25,000 no ordinance for making any local improvement shall be adopted unless the owners of a majority of the property in any one or more contiguous blocks abutting on any street, alley, park or public place to be improved shall petition for such local improvement. The provisions of section 7, to the effect the board shall have the power, with or without a petition, "to originate a scheme for any local improvement," has no potency to authorize the boards in cities and villages having a population of less than 25,000 to act in the absence of a petition, but only in such cities to originate a scheme for an improvement which it has by petition been asked to recommend to the city council. It is not necessary the petition in such cases should attempt to specify in detail the nature, character, locality and description of the desired improvement. It is only essential the petition shall in general terms clearly indicate the improvement desired to be secured by the petitioners. (*Patterson* v. *City of Macomb, ante,* p. 163.) The "scheme" of the improvement and the description thereof are left to the board, and no more is required than that the nature, character, locality and description thereof shall be prescribed in the frame of the ordinance which section 8 of the act requires the board shall cause to be prepared and submitted to the city council, and be likewise set out in the ordinance. The petition is, however, essential to the validity of an ordinance adopted by a city council of a city of the class to which the appellee city belongs. It is the petition which invests the board of local improvements with jurisdiction to act.

Prior to the preparation and presentation of the petition to the board of local improvements in this case the city council of the appellee city adopted profiles of the grades and levels of its streets, including Water street,

and such profiles were kept among the files in the office of the city clerk as constituting the grades of such streets. The board of local improvements, acting upon the petition, after having called and held a public meeting in order to obtain the benefit of the views of the citizens as to the proper course to be taken with regard to the improvement, as required by section 7 of the act, recommended an ordinance should be adopted providing that the street should be improved by a pavement so laid as "to conform to the grade of said Water street as established by the city council of Waukegan and shown by the profiles on file in the office of the city clerk." The city adopted the ordinance as recommended. It is manifest the petitioners in asking for the improvement, the board of local improvements in the consideration of the petition and preparation of the ordinance and in recommending the improvement be made by special assessments, and the city council in adopting the first of said ordinances, acted in view of the grade of the street as shown by the profiles thereof which the city council had adopted for the purpose of fixing the grade of the street and which were preserved as a part of the records of the city for the same purpose. That the appellant signed the petition on the theory the grades had been established as shown by the profiles is otherwise fully shown by the proof. He began the construction of a brick building upon the property objected for, in March previous to the presentation of the petition, and in order the building should stand with reference to the street grade applied to the mayor for information as to the established grade, and was directed to the city clerk and also to the city engineer, and was advised as to the grade, and obtained a copy of the grade profiles referred to and constructed his building to conform to the grade as shown by such profiles. It was while engaged in the erection of this building he signed the petition, and he completed the building in August prior to the adoption by the city of the resolution that a new grade should be adopted

The grade at which a street is to be paved is clearly an element entering into and affecting the determination of a citizen as to the desirability and advisability of aiding to secure the street to be improved in that way. That he consents to join in a petition asking a street shall be paved to a known grade or level has no tendency to indicate he would consent to become a petitioner for a pavement to be constructed at a higher or lower level. The elevation or depression of the grade of a street may operate advantageously or disadvantageously to abutting property, and the owner of such property would be moved to decide whether or not he would sign a petition for the paving of a street to be paid for by special assessments upon his property by the grade at which such pavement was to be laid,—that is to say, a petition for such an improvement is signed in view of the grade as then established. When a petition so signed is accepted and acted upon by the board of local improvements and the city council with the same understanding of its meaning as that entertained by the petitioners, and is granted by the enactment of an ordinance directing the pavement to be laid in accordance with the grade as understood to exist by the petitioners and the city authorities, it has served its purpose, and the city cannot afterwards change the grade of the street and seize upon the petition as the legitimate basis of the recommendation of the board of local improvements for the enactment of another ordinance authorizing the street to be paved on a materially different grade. If in such case the city deems it wise to change the grade of the street and abandon the construction of the improvement contemplated by the petition, the board of local improvements and its ordinance, it should repeal the ordinance and leave it to those who are authorized by law to petition for a pavement at the level fixed by the new grade, to determine whether they desire the improvement to be made under the conditions as changed.

The ordinance first adopted recognized the grade as shown by the profiles previously adopted and then on file in the office òf the city clerk and made such grade a part of the description of the improvement, and the ordinance last adopted recognized and adopted as a description of the improvement attempted to be made by it, the grade as changed by the subsequent resolution of the board. As to this improvement each of these ordinances fixed a grade by ordinance.

The question whether, if an ordinance adopted on the recommendation of a board of local improvements in a city having a population of less than 25,000 is found to be defective in the mere matter of description of the nature, character, locality and description of the contemplated improvement, the board may recommend and the city may adopt any other ordinance correcting such defects without a new petition, is not involved in this case.

The judgment will be reversed and the cause will not be remanded. *Judgment reversed.*