## Frank Whaples v. The City of Waukegan.

1.  CITIES AND VILLAGES—*Establishing Grades of Streets.*—Where a city adopts an ordinance with reference to a particular street, referring for the grade to a profile in the clerk's office, the grade as shown by such profile is adopted.
2.  SAME—*Bound by the Grades Established.*—Where a city, after having adopted a grade for a particular street, sees fit to have such street upon a different grade, it does so at its peril.

**Trespass on the Case.**—Injury to real property. Appeal from the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed April 11, 1901.

S. II. KENNEDY and COON & ORVIS, attorneys for appellant.

FRANK C. ROGERS, attorney for appellee.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was an action on the case by appellant against appellee, to recover damages for injury to property owned by appellant on Water street, in the city of Waukegan, caused by the grading and paving of the street in front of said property. The first count of the declaration charges that on March 15, 1898, and from thence to the com-

mencement of the suit the plaintiff was the owner in fee simple and possessed of the north 100 feet of the east fifty feet of lots nine and ten, in block thirty-two, in the original town of Little Fort (now the city of Waukegan), situated on the south side of Water street in said city; that while he was such owner he erected on said property a two-story brick building for business purposes, at a cost of $5,000, with express reference to the grade of said street as then established, and which grade was given to the plaintiff by said city and by the city engineer of said city; that the building fronted on Water street, and that there was no access or approach thereto but by Water street, and that without it the building was untenantable and useless, and that on the first of October, 1898, the premises were rented for $400 per year; that the city of Waukegan on August 1, 1899, maliciously and without reasonable cause obstructed and filled up said street in front of said premises, with earth, stone and brick, two feet above said grade, so as to block up and destroy access and approach to said premises, making the same wholly untenantable, useless and valueless; and whereby large quantities of rain and surface water ran and flowed from said street down to, upon, against and into said building and premises, and filled the basement with water, whereby the plaintiff's tenants were driven out, and by reason thereof he can not procure other tenants, to the damage of the plaintiff of $5,000.

The second count makes the same averments, and charges that the city of Waukegan had theretofore established the grade of Water street and that the building was erected with reference to such established grade. Other counts of the declaration contain similar averments without material change.

The city filed a plea of not guilty, and the case was tried by a jury. At the close of all the evidence the court instructed the jury to find the defendant not guilty, and a verdict was returned accordingly. Judgment being entered for the defendant, the plaintiff prosecutes this appeal.

The principal controversy in the case seems to turn upon

the question as to whether or not the city had established the grade upon Water street prior to the erection of the building thereon by appellant.

It appears that prior to December 17, 1894, profiles were made of the grades of many of the streets of the city, including Water street, and on that date the profiles were offered to the city council for adoption, and by a unanimous vote of the council the profiles were adopted and thereafter kept on file in the office of the city clerk, and when persons desired grades given them they were referred to the city engineer by the city officials and the grades were given from such profiles by the city engineer. It also appears that on January 7, 1896, the city passed an ordinance in reference to the paving of said Water street, whereby the profiles on file in the city clerk's office were adopted and the grade of the street established in accordance therewith.

In the case of Whaples v. City of Waukegan, 179 Ill. 310, a suit between these same parties arising out of a controversy as to the assessment for the paving of this street, it was held that the grade shown by said profile was adopted and that the assessment for paving upon the grade as changed by the subsequent action of the city was illegal and invalid. As between these parties, therefore, it seems to us it must be held as *res adjudicata* that the grade of Water street was certainly established on January 7, 1896. There was no later ordinance changing the grade before the paving complained of was done and before the erection of appellant's building, which was commenced in the spring of 1898. Before beginning the work appellant submitted his plans to the city and applied for a building permit, which was granted after some changes in the plans. Appellant then applied to the mayor for a grade, who said there was one, and sent him to the city clerk, who showed him the profiles and said that was the grade of Water street, but to see Mr. Lee, the city engineer, and he would set the grade stakes. Appellant thereupon saw Mr. Lee, the city engineer, who gave appellant the grade line and marked it for him

after surveying the lot. It is contended that this act of Mr. Lee was unauthorized and did not bind the city, but we think, under all the circumstances, Mr. Lee was acting as city engineer and that the city should be held bound by his acts. Mr. Lee himself testifies that he supposed he was acting as city engineer. After having accepted profiles showing the grade of Water street, followed by an ordinance adopting them and ordering the improvement in accordance therewith, we do not see how it can be consistently contended by appellee that the grade was never established, and that appellant built at his own risk upon the grade given him by the city engineer.

We are of opinion that where a city adopts an ordinance with reference to a particular street, referring for grade to profile in the clerk's office, the grade shown by such profile is thereby adopted. Appellant offered in evidence the ordinance of January 7, 1896, for the purpose of showing the establishment of the grade of Water street, but the court refused the offer and rejected the evidence. We think this was error. So far as it had any relation to the grade of Water street the ordinance should have been admitted. And if, when admitted, such ordinance shows an adoption of said profile and grade on file in the city clerk's office, then appellant had a right to erect his building according to such grade, and the city was bound by the act of the city engineer in giving him such grade. While the city could not be compelled to change the natural surface of the ground or improve the street at all, yet, when it did permanently improve and pave the street, it was bound to do so upon the grade established and in force when appellant erected his building. If it saw fit to pave upon a different grade it did so at its peril. Ressegieu v. Sioux City, 94 Iowa, 543; S. C., 28 L. R. A. 389.

For the error in refusing to admit in evidence the ordinance of January 7, 1896, and directing a verdict for the defendant, the judgment is reversed and the cause remanded.