## Cornelius Scanlan v. John Schwab.

1.  MANDAMUS—*Clear Legal Right.*—A mandamus should never be awarded except the relator has a clear legal right to have the thing sought by it done, and in the manner and by the person or body sought to be coerced. It will never be granted in a doubtful case.

2.  SAME—*Requisites of Petition.*—The petition must set forth every fact necessary to show the duty of the person sought to be coerced to perform the act.

3.  SAME—*Defective Petition.*—A petition which fails to state that there was no money in the treasury to pay a city warrant at the time it was issued is inadequate to entitle the petitioner to a writ of mandamus compelling the mayor to sign an interest-bearing warrant.

4.  MUNICIPAL WARRANTS—*Rate of Interest Allowed by Statute.*—An act of the General Assembly in force July 1, 1901, limits the rate of interest on warrants issued by any city or village to five per cent per annum and further provides that such warrants shall not bear interest if there is money in the treasury to pay them when issued, and that in no event shall the warrants bear interest until thirty days after the date of their issue.

**Petition for Mandamus.**—Appeal from the Circuit Court of Whiteside County; the Hon. FRANK D. RAMSAY, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

H. C. WARD, attorney for appellant.

C. C. McMAHON, attorney for appellee; McCALMONT & RAMSAY, of counsel.

It is a fundamental principle of the law of mandamus that the writ will never be granted in cases where, if issued, it would prove unavailing. High's Ex. Legal Rem., Sec. 14, 3d Ed.

It will never be granted in a doubtful case. People ex rel. v. Davis, 93 Ill. 133.

The relief will be withheld when, if granted, it would accomplish no useful purpose, even though it might do no harm. High's Ex. Legal Rem., Sec. 14, 3d Ed.; People v. Rice, 129 N. Y. 391.

The petition must set forth every fact necessary to show the duty of the person sought to be coerced to perform the

act. People v. Town of Mt. Morris, 145 Ill. 427; Swigert v. Hamilton Co., 130 Ill. 538.

Counties, cities and towns are not embraced within the interest law. City of Pekin v. Reynolds, 31 Ill. 532.

City warrants can not draw to exceed five per cent interest; they may draw a lower rate. Laws of 1901, p. 321. (Warrants.)

Interest is a creature of statute; if not so authorized, it can not be recovered. Pekin v. Reynolds, 31 Ill. 532; Pekin v. Reynolds, 83 Am. Dec. 244; Am. & Eng. Ency. of Law, 2d Ed., Vol. 16, p. 995.

Counties can not allow interest on orders issued for current expenses. Hall v. Jackson County, 95 Ill. 352; Co. of Hardin v. McFarlan, 82 Ill. 138; Wells v. Whittaker, 4 Ill. App. 381.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is a petition for mandamus by appellant against appellee as mayor of the city of Fulton. The petition recites that the appellant did certain work for the city at a contract price; that after the work was done he presented a bill to the city council, which ordered the clerk to draw a warrant for its payment; that the clerk drew the warrant for the same with provision that it bear interest at six per cent per annum from date; that at the same meeting of the council and before the warrant was ordered it was moved, seconded and carried that the city clerk be instructed to insert a clause in all warrants making them bear interest at six per cent per annum from their date. The petition further avers that the appellee, as mayor, refused to sign the warrant and prays for a writ of mandamus to compel the mayor to sign the same. A general demurrer was interposed to the petition which was sustained by the court. The petitioner elected to stand by his petition. The court dismissed the same and gave judgment for costs, to reverse which the case is brought to this court by appeal.

A mandamus should never be awarded except the relator

has a clear legal right to have the thing sought by it done, and in a manner and by the person or body sought to be coerced.    It will never be granted in a doubtful case.

The petition must set forth every fact necessary to show the duty of the person sought to be coerced to perform the act.

It is claimed by appellant that the city had a right to contract for the payment of interest at any rate not exceeding the legal rate.    Even if this right is admitted there was no contract to pay six per cent interest or any other rate.    An act of the General Assembly in force July 1, 1901, limits the rate of interest on warrants issued by any city or village to five per cent per annum, and further provides that such warrant shall not bear interest if there is money in the treasury to pay them when issued, and that in no event shall the warrant bear interest until thirty days after the date of its issue.

The resolution of the city council directing the clerk to insert a clause for interest at six per cent on warrants was a provision calling for the expenditure of money, and if authorized, the ayes and noes should have been taken upon its adoption as required by the statute.    This should have been alleged in the petition.

The petition fails to state that there was no money in the treasury to pay the warrant at the time it was issued. The petition must be construed most strongly against the petitioner.    For the reasons indicated we are of opinion that the petition was inadequate to entitle the petitioner to the relief sought and the demurrer was properly sustained. Moreover, neither the record nor the abstract contains any assignment of error and for that reason alone the judgment of the court below might be affirmed.    Ætna Life Ins. Co. v. Sanford, 179 Ill. 310.    The judgment of the Circuit Court is affirmed.