## THE TOWN OF CICERO

### *v.*

### FREDERICKA SKINNER *et al.*

*Opinion filed February 21, 1906.*

1. SPECIAL ASSESSMENTS—*what prima facie proof of deficiency.* In a proceeding to levy a supplemental assessment, the estimate of the amount it will be necessary to collect, made by the commissioners appointed and approved by the board of trustees of the town, is *prima facie* proof of the amount of the deficiency.

2. SAME—*when question of benefits is not res judicata in supplemental assessment.* Reduction of the original assessment on the ground that the objector's property was assessed more than its proportionate share of the cost of the improvement, there being no specific finding that the property was assessed as much as it would be benefited, does not render the judgment of confirmation *res judicata* as to the right to levy a supplemental assessment for a deficiency. (*Greeley v. Town of Cicero,* 148 Ill. 632, distinguished.)

3. SAME—*when cost of collecting and disbursing assessments is a proper item of deficiency.* In a proceeding under section 47 of article 9 of the City and Village act, to levy a supplemental assessment for a deficiency, the cost of collecting and disbursing assessments is properly included in estimating the deficiency.

4. SAME—*when allowance of the item of deficiency will be presumed to have been proper.* Allowance, in estimating a deficiency, of an item for extras and catch-basins will be presumed, on appeal, to have been properly allowed as covered by the original ordinance, where the original ordinance is not in the record, the extras referred to are not pointed out and there is no proof on the subject.

5. SAME—*when interest on vouchers may be collected by supplemental assessment.* Interest due by the terms of installment vouchers issued to the contractor and accruing while the vouchers were in the hands of the contractor when there was no money in the treasury with which to pay the vouchers and interest, is properly included in estimating the deficiency to be collected by the supplemental assessment.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

ROSS C. HALL, (PEARSON & STOOKEY, of counsel,) for appellant.

LOUIS M. GREELEY, G. S. THOMPSON, CHAS. T. MASON, GEORGE A. MASON, JAMES McCARTNEY, and F. W. WILLIAMS, for appellees.

Per CURIAM : This was a proceeding commenced under section 47 of the act of 1874 by the town of Cicero, in the county court of Cook county, to have confirmed a supplemental special assessment to pay an alleged deficiency in a former special assessment levied by said town with which to pay for constructing a sewer in Oak Park avenue, in said town. The appellees appeared and filed objections to confirmation as to their lands, which were sustained and the proceedings dismissed, and the town of Cicero has prosecuted an appeal to this court.

The main contention of the appellees is that the entire cost of the improvement was paid from the original assessment, which has been collected, and that there is no deficiency the payment of which should be provided for by a supplemental assessment. The commissioners appointed to make an estimate of the amount which it would be necessary to collect by supplemental assessment to pay the deficiency estimated such deficiency at the sum of $2722.68, and their action in that regard was approved by the board of trustees of the town of Cicero and was *prima facie* proof of the amount of

the deficiency. *Cody* v. *Town of Cicero,* 203 Ill. 322; *Town of Cicero* v. *Green,* 211 id. 241.

Four items which are said to be included in the estimate made by the commissioners are objected to:

*First*—On application for confirmation the assessment upon certain property was reduced $1080.55 on the ground that said property was assessed that much more than its proportionate share of the cost of the improvement, and it is contended on this application that the property upon which such reduced assessment was confirmed cannot be again assessed to pay a portion of such sum of $1080.55, and it is said the same must be paid as public benefits by the town of Cicero, and to sustain such contention the appellees rely upon *Greeley* v. *Town of Cicero,* 148 Ill. 632. In that case the original assessment made by the commissioners was for $348,943.05. On the hearing, upon objections, that amount was reduced $57,541.51 and confirmed for the balance, $291,401.54. A jury having been waived, the court then found that the property of the objectors would be benefited its proportionate share of the assessment as reduced, "and no more." Afterwards a supplemental assessment of $55,360.05 was levied, and that sum, with the amount for which the original assessment had been confirmed, amounted to but $2181.46 less than the original assessment. As the court had expressly found that the property of objectors would be benefited by the improvement no more than its proportionate share of $291,401.54, that decision was held to be *res judicata.* In this case the facts are different. The original assessment was for $12,566.60, and it was reduced $1085.55 and confirmed for the balance, $11,481.05, the finding simply being that the properties of objectors were assessed $1085.55 more than their proportionate share of the cost as originally assessed,—*i. e.,* $12,566.60. The supplemental assessment was for $2722.68, or $1637.13 more than the first assessment. There was no finding that objectors' property had been assessed its full proportionate share

of the actual cost of the improvement, and the judgment of confirmation was not, therefore, conclusive as to the right to make the supplemental levy.

*Second*—The next item objected to is one for $203.77 for collecting and disbursing assessments. Under the authority of *Town of Cicero* v. *Green, supra,* the item was a legitimate charge, and one which was properly included in the estimate for the supplemental assessment.

*Third*—The next item which is said cannot lawfully be paid for by a supplemental assessment is one of $278.75 for extras and catch-basins. The original ordinance is not in the record, and we are unable to determine whether it provided for catch-basins as a part of the original improvement, and as the extras referred to are not pointed out, we are unable to determine whether they are fairly included within the terms used in describing the improvement. In the absence of proof we must presume the ordinance included the catch-basins and was broad enough to cover the extras, and that such charges were properly taken into consideration by the commissioners and board of trustees in arriving at their estimate of the amount of that deficiency. *Town of Cicero* v. *Green, supra.*

*Fourth*—The last item of which complaint is made is an interest item of $1617.32 upon installment warrants. In *Town of Cicero* v. *Green, supra,* it was held that interest upon the vouchers issued to the contractor for a local improvement to be paid for by special assessment is a part of the cost of the improvement and could be paid for by a supplemental assessment, and in *Village of Wilmette* v. *People,* 214. Ill. 107, that a supplemental assessment could not be levied to pay a deficit in interest upon a special assessment voucher, caused by the payment by property owners of deferred installments in advance, the fund being allowed by the holder of the voucher to lie idle in the treasury after being paid to the treasurer. As we understand this record, the sum of $1617.32 is interest which accrued upon the vouchers

while in the hands of the contractor and at a time when there was no money in the treasury with which to pay the vouchers and interest, and under the authority of the *Green case* such interest item is a proper charge to be paid by a supplemental special assessment.

We think it clear that the *prima facie* proof of the deficiency made by the commissioners' report and approved by the board of trustees of the town of Cicero was not overcome by the evidence of the appellees.

The other questions raised upon this record have already been disposed of in the case of *Town of Cicero* v. *Green, supra,* adversely to the contention of the appellees.

The judgment of the county court of Cook county will be reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*