OGDEN, SHELDON & CO.

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 22, 1906.*

1. SPECIAL ASSESSMENTS—*general description of improvement in resolution is sufficient.* The object of the Local Improvement act in requiring the resolution of the improvement board to describe the improvement is attained if the description is such as to give the property owners a general understanding of what is proposed to be done and the estimated cost thereof.

2. SAME—*roadway of street to be paved is presumed to be definite.* Where the resolution for paving the roadway of a street, the width of which is fixed and certain, fails to specify the width of the roadway, it will be presumed, until the contrary is shown by evidence, that there is a definite roadway to be paved.

3. SAME—*when there is no patent ambiguity in the description.* When the description of an improvement refers to an object or a thing as fixed and existing which has locality, width and dimensions, the presumption is that it can be found and located, and there is no patent ambiguity in the description.

4. SAME—*the thickness of asphalt wearing surface need not be stated in resolution.* Failure of the resolution for an improvement, which includes paving a street with asphalt on six inches of Portland cement concrete swept with natural hydraulic cement, to specify the thickness of the asphalt wearing surface is not fatal to the assessment.

5. SAME—*a resolution need not contain reference to the grades.* Failure of a resolution for a grading and paving improvement to contain a reference to the grades is not fatal, where the estimate of cost contains an item for a certain number of cubic yards of grading and the estimated cost thereof, which demonstrates that there is to be no material change in existing grade of street. (*Whaples v. City of Waukegan,* 179 Ill. 310, explained.)

6. SAME—*when a resolution sufficiently identifies improvement.* A resolution adopted at the public hearing, that "the following local improvements be made and adhered to pursuant to prior resolutions heretofore adopted for the same," which is followed by a list of improvements, including the paving of a certain street, need not include in the identifying description the adjustment of sewers and other things provided for in the first resolution.

7. SAME—*when grade is presumed to be a line drawn from the grades at intersections.* If an ordinance for paving a street in a city where the streets are known to be practically on a level, establishes the grade at the intersections of such street with cross-streets, but does not specifically state what the grade shall be except at such intersections, it will be presumed the grade at intermediate points will be a line drawn from one fixed intersection grade to another.

APPEAL from the County Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding.

WILLIAM J. DONLIN, for appellants.

CHARLES H. MITCHELL, and FRANK JOHNSTON, Jr., (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellants filed objections to an assessment levied to pay for curbing, grading and paving with asphalt Cornelia avenue from Robey street to West Ravenswood Park, in the city of Chicago. The court heard such of the objections as were based upon alleged insufficiencies of the proceedings before the board of local improvements and the ordinance for the improvement, which are termed legal objections, and overruled them. Trial by jury on the question of benefits was then waived and appellee offered in evidence the usual formal proof to make out a *prima facie* case. Appellants objected to the evidence, and the court overruled the objection and admitted the evidence. Appellants offered no evidence, and the court entered judgment confirming the assessment.

Counsel for appellants states the objections to the proceedings of the board of local improvements as follows:

"(a) No width of roadway is established; (b) the thickness of the asphalt wearing surface is not given; (c) the public hearing resolution is not for the same im-

provement shown in the first resolution; the ordinance is; (*d*) nothing is shown as to the establishment of the grade lines to which the completed improvement must conform."

Three of these objections relate to the generality of the description of the proposed improvement, and the same general rule is applicable to all of them. City councils are not authorized to originate any improvement to be paid for by special assessment or special taxation, but every scheme for such an improvement must have its origin with a board of local improvements. The manifest object of creating such a board, and of the proceedings before it, is to prevent hasty, ill-advised or secret action by city authorities without giving to the property owners whose interests are involved an opportunity to be heard. It is the duty of a board of local improvements to hear the objections of property owners and to consider their rights and protect their interests, and that is the object of a public hearing. To enable property owners to present their views it is necessary that they should have a fair understanding of the general nature and estimated cost of the contemplated improvement. The Local Improvement act provides that the board shall adopt a resolution describing the proposed improvement, which shall be transcribed into the records of the board, and shall give a notice containing the substance of the resolution and the estimate of the cost, and a notification that the extent, nature, kind, character and estimated cost may be changed at the public hearing. The object of the statute is attained if the description of the improvement is such as to give property owners a general understanding of what is proposed to be done and the estimated cost, and that is all the language of the statute requires. (*Walker* v. *City of Chicago,* 202 Ill. 531; *Lanphere* v. *City of Chicago,* 212 id. 440; *McLennan* v. *City of Chicago,* 218 id. 62.) If it is finally decided to make the improvement and an ordinance is prepared under which contracts are to be let and an assessment levied, a description more in detail must necessarily be given, and

the provision of the statute as to such description is quite different. The ordinance must prescribe the nature, character, locality and description of the improvement, and this must be done with such particularity as will secure to the property owners the exact improvement decided upon. All that is required in the proceedings preliminary to the ordinance is a general description of the proposed improvement and the estimated cost.

The improvement proposed in this case is the curbing, grading and paving with asphalt of the roadway of Cornelia avenue and of the roadways of intersecting streets and alleys. The width of the roadway is not specified in the proceedings, and the objection is, that the width is therefore indefinite and incapable of being ascertained. The width of the street is fixed and certain, but counsel says that there is no fixed or certain roadway unless the width of the sidewalk or sidewalk space and the roadway has been fixed by ordinance. When reference is made to an object or thing as fixed and existing which has locality, width and dimensions, the presumption is that it can be found and located and there is no patent ambiguity in the description. Presumably there was a definite roadway in Cornelia avenue to be paved, and if, in fact, there was any latent ambiguity in the description it could only be raised by evidence.

The proposed improvement included paving with asphalt on six inches of Portland cement concrete swept with natural hydraulic cement, and the thickness of the asphalt wearing surface is not stated. In the case of *Gage* v. *City of Chicago,* 207 Ill. 56, a resolution for grading and paving a street was considered sufficient although it did not specifically mention the binder course of broken limestone or the wearing surface of asphalt, and under that decision failure to mention the thickness of the wearing surface in this case is not a good objection.

The resolution is for grading the street as well as paving, and it contains no reference to grades. The estimate of cost

contains an item of six hundred cubic yards of grading, so that the property owners were informed as to the amount of grading and the estimated cost of it, but the places where it is to be done are not named. When an improvement is finally determined upon and is to be made, a grade must be established, and it must be done by ordinance. (*Chicago and Northern Pacific Railroad Co.* v. *City of Chicago,* 174 Ill. 439.) Counsel for appellants relies upon the decision in the case of *Whaples* v. *City of Waukegan,* 179 Ill. 310, as requiring the same description or reference in the preliminary proceedings. In that case the city council passed an ordinance for paving a street to conform to the existing grade in response to a petition of property owners for that improvement, but while a petition for the confirmation of the special assessment was pending the city council adopted a resolution changing the grade and raising it nearly two feet, and thereupon dismissed the first petition to the court and filed another to confirm a special assessment under the new ordinance for the changed improvement. It was held that the city could not change the grade and improvement and rely upon the same petition of the property owners. That decision does not aid appellants in any way. In this case the amount of grading to be done and the cost of it is shown, and demonstrates that there is to be no material change in the existing grade.

We do not regard any of these objections as fatal to the proceedings.

Objection (*c*) is, that the public hearing resolution is not for the same improvement as shown in the first resolution. The resolution adopted at the public hearing is as follows: "That the following local improvements be made and adhered to pursuant to prior resolutions heretofore adopted for the same," and this is followed by a list of improvements, in which is included paving with asphalt Cornelia avenue from North Robey street to West Ravenswood Park, but nothing is said about the adjustment of sewers, catch-basins

or man-holes or curb or gutter or the street intersections. The resolution identifies the improvement in a general way by reference to the previous resolution, and it is not necessary to include in the description the adjustment of sewers and other things. There is no question about the identity of the improvement with the one provided for in the first resolution.

The court did not err in overruling objections to the preliminary proceedings before the board.

There is but one objection to the ordinance, and that is, that it does not fix the grade for the completed improvement. It fixes the width of the roadway and the thickness of the asphalt wearing surface, and supplies all the supposed omissions above stated in the proceedings of the board of local improvements, and this objection is that it does not fix the grade at all points along the line of the improvement. It establishes the grade at the intersections of Cornelia avenue with other streets, but does not specifically state what the grade shall be, except at the intersecting points. We have held that the natural construction to be placed upon an ordinance establishing grades of streets in the city of Chicago, which are universally known to be upon a practically dead level except at approaches to bridges or viaducts, is that the grade at intermediate points will be a line drawn from the grade fixed at one intersection to the grade fixed at the next intersection. (*Connecticut Life Ins. Co.* v. *City of Chicago,* 217 Ill. 352.) Counsel for appellants says that a different rule as applied to the city and county of San Francisco was adopted in *Dorman* v. *Bergson,* 78 Cal. 637. The court seem to have decided, from personal knowledge of the topography of that locality, that the rule would be inapplicable there. We see no reason for departing from the rule in this case.

The judgment is affirmed.          *Judgment affirmed.*