THE CITY OF NOKOMIS, Appellee, *vs.* D. H. ZEPP *et al.*
Appellants.

*Opinion filed October 28, 1910.*

1. SPECIAL ASSESSMENTS—*all distinctions between special assessment and special taxation are not abolished.* All distinctions between special assessment and special taxation are not abolished by the statute, though the power to settle conclusively the question of benefits, which formerly rested with the municipal authorities, is under the present law taken from the city council and the question committed to the court, to be tried by a jury.

2. SAME—*the commissioner may consider foot frontage in fixing assessment.* While a special assessment made on the basis of frontage, merely, without regard to benefits, would be invalid, yet the law does not preclude the commissioner from taking into consideration the foot frontage of the several lots as an element in fixing the amount of the assessment.

3. SAME—*what method of making assessment does not vitiate assessment.* The fact that the commissioner assessed against each lot the exact cost of the improvement in front of it does not, of itself, vitiate the assessment, where it appears that he determined that the benefit to each lot was equal to the cost of the improvement in front of it.

4. SAME—*when parties have all benefits of a special assessment proceeding.* Where, on the trial of the question of benefits, the instructions to the jury treat the proceeding as a special assessment and the question whether the property is assessed more than its proportionate share of the total cost of the improvement is tried, which cannot be done in a special tax proceeding, the parties have all the benefits of a special assessment proceeding.

5. SAME—*each part of railroad property touching upon an improvement need not be described separately.* A general description of railroad property in a special assessment roll as the named company's "right of way on Maple, Spruce, Pine and Cedar streets, $3031.06," is sufficient under the proviso to section 40 of the Local Improvement act.

6. SAME—*the fact that total assessment does not equal estimate does not invalidate assessment.* While the total assessment levied cannot exceed the engineer's estimate, yet the statute does not require that the entire estimated cost be spread against the property bnefited and the city, and the fact that the total assessment is less than the estimate does not vitiate the proceeding.

7. SAME—*assessment cannot exceed benefits—effect of judgment.* The amount assessed against property cannot exceed the special benefits, and if the benefits do not equal the cost of the improvement the difference must be paid by general taxation; but the judgment of confirmation is not conclusive of the question of benefits unless it was found, in terms, on the hearing, that the property objected for would be benefited no more than the amount assessed against it.

8. SAME—*what does not constitute a fatal variance between an ordinance and specifications.* The fact that the street to be paved is described in the. ordinance as fifty feet wide from one street line to the other while the specifications describe the improvement at that point to be thirty feet wide between curb lines does not constitute a fatal variance, where it appears from the entire ordinance that the words "street line" and "curb line" were used to designate different points and that the part to be paved was thirty feet wide.

9. SAME—*act of 1909, requiring referendum vote on bond issue, does not apply to special assessment bonds.* The act of 1909, (Laws of 1909, p. 130,) providing for a referendum vote by the people on bond issues, does not apply to special assessment bonds. (*City of Lawrenceville* v. *Hennessey,* 244 Ill. 464, followed.)

APPEAL from the County Court of Montgomery county; the Hon. JOHN L. DRYER, Judge, presiding.

D. H. ZEPP, and LANE & COOPER, for appellants.

W. G. WEBSTER, and HILL & BULLINGTON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Montgomery county confirming a special assessment levied against the lots of the appellants to pay for curbing, grading and paving certain streets in the city of Nokomis. The ordinance upon which the improvement was based was passed by the city council July 15, 1909, on the recommendation of the board of local improvements, and directed the paving of State, Spruce, Maple, Pine, Cedar and Union streets, within certain described limits, with brick, and pro-

vided that the same should be paid for by special assessment to be levied upon the property benefited, as provided by statute.  Appellants filed various objections to the confirmation of the assessment.  On a hearing before the court the legal objections were overruled, and thereafter a hearing was had before a jury as to whether the property of objectors was benefited the amount assessed against it, and whether it was assessed more than its proportionate share of the cost of the improvement.

It is first insisted here by appellants that the ordinance required the improvement to be paid for by special assessment but that the assessment was actually spread by special taxation.  This argument seems to be based upon the claim that the assessment was spread on the property on the basis of front footage and was only made upon contiguous and abutting property.  The commissioner who made the assessment testified that he took the paving district as a whole and computed the cost per square yard, then computed the square yards on each street to find the percentage of each to the whole number of yards, then found the cost of every foot of each lot on the streets and made the assessment according to the benefits to each lot, estimated on the cost of the whole improvement; that the fact that the assessment as finally extended was so much per front foot was the result of the plan, and not the plan of the assessment.  The testimony of other witnesses at the hearing, both of the legal objections and at the jury trial, shows that the benefit resulting to the property by reason of the improvement was approximately the cost of the improvement in front of each lot and that the property would be increased in market value to such extent.  While a special assessment made on the basis of frontage, merely, without regard to special benefits, would be invalid, the law does not preclude the commissioner from taking into consideration the number of feet frontage of the several lots as an element in fixing the amount of the assessment, and the

fact that the commissioner assessed against each lot the exact cost of the improvement in front of it will not, in itself, vitiate the assessment, when it appears that he determined that the benefit to each lot was equal to the cost of the improvement in front of it. (*City of Springfield* v. *Sale,* 127 Ill. 359; *Walker* v. *City of Aurora,* 140 id. 402; *Sanitary District* v. *City of Joliet,* 189 id. 270; *West Chicago Park Comrs.* v. *Farber,* 171 id. 146.) All distinctions between special assessments and special taxation are not abolished by the statute, though the power to settle conclusively the question of benefits, which formerly rested with the municipal authorities, is under the present law taken from the city council and committed to the court to be tried by jury. *City of East St. Louis* v. *Illinois Central Railroad Co.* 238 Ill. 296.

Our attention is called to the fact that there was not a uniform assessment per front foot upon all the property improved, and also that the amount assessed against the different lots varied on the different streets. This variation is accounted for by the difference in benefits that were supposed to result to the different lots, and tends to show that the assessment was not arbitrarily made on the frontage basis. By the course of the trial before the jury and by their instructions submitted to the jury appellants treated the proceeding as one for special assessment, and tried the question whether their property had been assessed more than its proportionate share of the total cost of the improvement. By trying this question before the jury appellants had the full benefit of all their rights in a special assessment proceeding. They could not have been heard on this question before the court or jury in a special tax proceeding. (*City of East St. Louis* v. *Illinois Central Railroad Co. supra.*) In the case at bar the assessment was levied according to benefits and not arbitrarily according to front footage. The evidence clearly shows that the cost

was distributed to the several pieces of property according to benefits.

Appellants' next contention is, that certain property belonging to a railroad company was not assessed. The particular piece of right of way which it is claimed was omitted from the assessment roll is between the tracks of the railroad company on Spruce street. The railroad crosses Spruce street at right angles and runs along the north line of the improvement on Maple, Pine and Cedar streets. The railroad company was assessed as follows: "Cleveland, Cincinnati, Chicago and St. Louis Railway Company's right of way on Maple, Spruce, Pine and Cedar streets, $3031.06." Appellants' contention seems to be that the several parts of the railroad property should have been separately described. Section 40 of the Local Improvement act provides that each piece of property shall be assessed separately, in the same manner as upon assessments for general taxation, but provides that the property of railroad companies or street railway companies "may be described in any manner sufficient to reasonably identify the property intended to be assessed." The description of the railroad right of way was in compliance with this proviso. In this connection it is also argued that certain property was omitted from the assessment roll that was benefited by the improvement. We do not find proof in the record justifying this claim.

It is next contended that the assessment was confirmed for only $74,516.37 while the estimate of the engineer was $76,379,—that is, the assessment confirmed by the court was $1862.63 less than the estimate. It is urged that the special assessment commissioner should have assessed the entire amount of the engineer's estimate against the property or against the property and the city; that as he did not do this, it was the duty of the court to assess the $1862.63 to the property owners or to the city as a public benefit, or to both,—in other words, that the court should

in all cases confirm an assessment for the exact amount of
the engineer's original estimate. We do not think this was
the legislative intention or is practicable under the law. It
is self-evident that the actual cost of the improvement can
not be estimated with absolute accuracy before the comple-
tion of the work. The best estimate possible will usually
prove too high or too low, (*City of Chicago* v. *Noonan*,
210 Ill. 18,) hence section 59 of the Local Improvement
act provides for a supplemental assessment if the assessment
proves too low, or for refunding, ratably, the excess to the
property owners if the assessment proves too high. An
itemized estimate of the probable cost of the improvement
is required under the Local Improvement act to be prepared
before the public hearing. It is the object of that act to
furnish the property owners at the hearing such a descrip-
tion of the contemplated improvement as to give them a
general understanding of the work to be done and of its
estimated cost. (*Ogden & Co.* v. *City of Chicago*, 224
Ill. 294; *City of Chicago* v. *Gage*, 237 id. 328.) This
estimated probable cost must be certified, along with the
ordinance, by the board of local improvements to the mu-
nicipal authorities when the improvement is recommended.
The estimated cost necessarily furnishes a basis for the as-
sessment, whether the improvement is to be built by special
taxation or special assessment, and "such assessment may
extend to the amount of such estimate." (*Chicago Termi-
nal Railroad Co.* v. *City of Chicago*, 184 Ill. 154.) While
the assessment cannot exceed such estimate, the statute does
not require that the entire estimated cost must be spread
against the property benefited and the city, and this court
has never so held. Frequently, if not generally, the amount
of the assessment roll will equal the original estimate, but
this is not necessarily required. It may well be that the
city authorities, at the time the assessment roll is made,
will have a more accurate knowledge as to the cost of the
improvement than when the original estimate was made.

It would be unjust to the property owners to assess against the property benefited, and the city, a greater amount than in the judgment of the municipal authorities the work would cost. Sections 38 and 39 of the Local Improvement act provide for the appointment of a superintendent of special assessments, or other proper officer, to make the assessment against the property and the city and to divide the total cost equitably between the property and the municipality. Under section 41 this officer is required to certify to the assessment roll under oath, stating that he believes the amounts assessed against the public and each parcel of property are just and equitable and do not exceed the benefit to be derived from the improvement. It is this officer's sworn duty to so fix the assessment that the amount assessed against any piece of property or to the city is not greater than the special benefit. Under section 47 of the Local Improvement act the trial court can, on a hearing in any special assessment (but not special tax) proceeding, change the proportion assessed against the property and the public. (*City of East St. Louis* v. *Illinois Central Railroad Co. supra.*) In this case the assessment roll shows the property specially benefited was assessed $69,484.03, and the city, as a public benefit, was assessed $5032.34, making the total aggregate amount confirmed. If the argument of appellants on this point were sustained, it would be necessary, after every reduction of an assessment by the jury or court, to assess such reduction against the property or the public. How would it be possible for all of the objectors to take advantage of such a reduction? The court has authority, under the Local Improvement act, to allow a separate trial for the different pieces of property, either on legal objections or before the jury. It frequently happens in these proceedings that a large part of the assessment has been confirmed before there has been any reduction. Section 50 of the Local Improvement act authorizes the trial court to assess again in the original proceeding

such a reduction if it causes a deficiency, but we have held that the court could only do this after a hearing when the evidence showed that a deficiency actually existed; that if, on such a hearing, it appeared that after deducting the amount of the reduction of the assessment made by court or jury there was sufficient still assessed against the property and the city to complete the improvement, no deficiency would exist. . (*City of Jacksonville* v. *Hamill,* 178 Ill. 235.) The trial court, under this decision, could not re-assess any reduction against other property or the city without such a hearing. It was not attempted to be shown in the trial court in this case that the amount assessed under the assessment roll was not sufficient to complete the work. If the argument of appellants, as we understand it, be carried to its logical conclusion, no supplemental assessment in any case could be levied. Section 59 of the Local Improvement act, in treating of supplemental assessments, provides: "It shall be no objection to such assessment that the prior assessment has been levied, adjudicated and collected unless it shall appear that in such prior cause upon proper issue made, it was specially found in terms, that the property objected for would be benefited by said improvement no more than the amount assessed against it in such prior proceedings." The continuing test in special assessment proceedings, whether original or supplemental, is, that the assessment shall not exceed the special benefit to the property assessed. The judgment in the original proceedings as to benefits on any piece of property "stands *prima facie* as an adjudication of that question, and conclusively as an absolute adjudication, if upon the former hearing it was specially found, in terms, that the property objected for would be benefited no more than the amount assessed against it." (*McChesney* v. *City of Chicago,* 188 Ill. 423; *Cody* v. *Town of Cicero,* 203 id. 322; *Sheriffs* v. *City of Chicago,* 213 id. 620; *City of Carbondale* v. *Walker,* 240 id. 18.) In *Town of Cicero* v. *Skinner,* 220 Ill. 82, certain

property was reduced $1080.55 on the ground that such property was assessed that much more than its appropriate share of the cost of the improvement. In a supplemental assessment the same property was assessed a portion of this reduction. It was there held that the former judgment was not *res judicata* on the question of benefits, as the original finding simply stated that the property was assessed more than its proportionate share of the cost of the improvement as originally assessed, and did not find that the amount assessed against such property was all that it was benefited.

Counsel in this connection cite and rely on *Newman* v. *City of Chicago,* 153 Ill. 469, and *City of Chicago* v. *Chidester,* 243 id. 577, as holding that any difference between the amount assessed against the property and the public, and the original estimate, should be assessed against the city. Those cases hold that when the property assessed is specially benefited less than the total cost of the improvement the excess of cost must be paid by the city. Without question that is the law. Neither in the original nor supplemental assessment can any property be assessed for an improvement more than it is specially benefited by such improvement, and if such benefits as to all the property assessed will not equal the total cost of the improvement, necessarily, if the improvement is to be made, the difference between the amount the property is specially benefited and the total cost of the improvement must be paid by general taxation.

Our conclusion is, that the fact that the assessment roll is less than the estimated cost of the improvement does not vitiate the proceedings.

Appellants contend that there is a fatal variance between the ordinance and the plans and specifications. The supposed variance arises from the fact that in the ordinance State street is described as fifty feet wide from the west line of Cedar street to the east line of Maple street, while the plans and specifications describe the improvement

at the same point as thirty feet wide. Taking the wording of the entire ordinance into consideration, it is clear that the words "street line" in the ordinance and "curb line" in the specifications are used to designate different points. In the ordinance all the space between the property lines appears to be described as "the street," while in the plans only that part between the curb lines is so described. While State street is fifty feet wide, only thirty feet of it is to be paved as a highway. There is therefore no variance in this regard.

It is also strongly contended by appellants that the entire proceeding must be held void and the petition dismissed because the ordinance was not submitted to the voters of the city of Nokomis, in accordance with the requirements of the act of June 4, 1909. (Laws of 1909, p. 130.) That question has been considered and decided adversely to appellants' contention in *City of Lawrenceville* v. *Hennessey,* 244 Ill. 464.

We have considered the other objections raised on the record, including the criticisms as to the admission of evidence and the giving and refusing of instructions, but we do not deem them of sufficient importance to require special consideration. No reversible error was committed.

The judgment of the county court is affirmed.

*Judgment affirmed.*