THE CITY OF BELLEVILLE, Appellee, *vs.* LOUIS G. MILLER
*et al.* Appellants.

*Opinion filed February 20, 1913.*

1. SPECIAL ASSESSMENTS—*record of the board of local improvements cannot be contradicted by parol evidence.* The law requires a record to be kept of the proceedings of the board of local improvements, and such record cannot be contradicted, added to or supplemented by parol evidence.

2. SAME—*board of local improvements need not pass resolution the moment the public hearing ceases.* It is not essential to the validity of a special assessment ordinance that the board of local improvements shall pass a resolution adhering to the proposed improvement the moment it has ceased considering the improvement at the public hearing and before any recess or adjournment is had.

3. SAME—*when courts will not hold an ordinance void as being unreasonable.* Courts will not interfere with the action of the city council and declare an ordinance for a local improvement void, as being unreasonable, unless the evidence clearly shows that the ordinance is arbitrary, unjust and oppressive.

4. SAME—*Supreme Court cannot consider question of proper proportion of public and private benefits.* The question whether the assessment for public benefits is out of proportion with the assessment of benefits levied against private property is not subject to review by the Supreme Court on appeal or writ of error.

5. SAME—*the commissioner may consider front-footage as an element.* A special assessment made on a frontage basis, merely, without any regard to benefits, would be invalid, but the law does not preclude the commissioner from taking front-footage into consideration as an element in fixing the amount of the assessment.

6. SAME—*property cannot be assessed more than it is benefited.* The test in all special assessment proceedings is that the assessment shall not exceed the special benefits to the property.

APPEAL from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

TURNER & HOLDER, for appellants.

WILLIAM H. SNYDER, City Attorney, (A. H. BAER, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from the judgment of the circuit court of St. Clair county confirming an assessment for paving Seventh street, in the city of Belleville, with brick on a concrete foundation, from the east line of Illinois street to the west line of Mascoutah avenue.

On the hearing of the legal objections appellants insisted that the ordinance was void because of a failure of the board of local improvements to pass a resolution in accordance with law. The board of local improvements of the city of Belleville met on March 1, 1912, for the purpose of giving consideration to four different proposed improvements for paving four different streets in said city, the Seventh street pavement being one of the four. The public hearings were set before the said board at different hours of the same forenoon. From oral testimony it appears that the public hearings were taken up in regular order according to notices sent out, the notice for the improvement here in question being for 10:30; that when that time arrived said board asked if any of the property owners interested had anything to say, and that certain of them objected to the improvement; that thereupon the presiding officer of the board asked if anyone had anything further to say, and there was no response. The testimony for the objectors is to the effect that he then announced the adjournment of the hearing on that improvement and took up the public hearing as to another improvement set for that forenoon. The presiding officer denies that he announced an adjournment. The oral testimony further tends to show that a recess or adjournment of the board was taken at the noon hour until afternoon, before the resolution as to this improvement was considered or adopted by the board. The records of said board with reference to this improvement show nothing about a recess or adjournment, but state that the board met on March 1, 1912, at

10:30, all members being present, and after giving all parties present an opportunity to be heard, and after all had been heard, the resolution was adopted adhering to the proposed scheme for the improvement as originally provided by the resolution of said board. It is contended by appellants that this resolution should have been passed without any recess or adjournment.

Where the law requires public records of proceedings to be kept, as it requires in this case the records of the board of local improvements to be kept, such records can not be contradicted, added to nor supplemented by parol evidence. (*People* v. *Madison County,* 125 Ill. 334; *Dunn* v. *Youmans,* 224 id. 34.) Even if this testimony as to the recess or adjournment were held admissible, such recess or adjournment, after the consideration of the objections of the property owners and before the resolution is passed, would not defeat the ordinance. The object of the public hearing is to give every property owner who desires, a reasonable opportunity of discussing the essential features of the improvement and making objections or suggestions with reference thereto, so that the board of local improvements may have the fullest opportunity of explaining the character of the improvement, and deciding from all that is heard whether it should be carried forward as proposed by the original resolution. Substantial compliance with the statute in this regard is all that is required. (*McChesney* v. *City of Chicago,* 201 Ill. 344.) The argument that the board of local improvements must pass the resolution the moment it has ceased consideration of any improvement at the public hearing is without merit.

Appellants earnestly insist that the ordinance was unnecessary, unreasonable and oppressive, because the street in question already had a fairly good pavement. Several of the objectors testified that the street at certain points was in such condition that vehicles with any sort of load could use the center of the roadway without difficulty. We

think, however, the evidence tends strongly to show that a large portion of the street was not in a good condition for travel; that the street, for the entire length of the improvement, had never been improved with reference to any system nor curbing put in with any fixed grade; that some parts had been constructed with macadam, which was now worn out; that an attempt had been made years before to improve other parts by slag obtained from a nail mill; that the eastern part of the improvement was good for traffic only in dry seasons; that parts of it in wet seasons were so muddy as to be impassable and unfit for any traffic. Courts cannot interfere with the action of a city council and declare an ordinance for local improvement void, as unreasonable, unless the evidence clearly shows that the ordinance is arbitrary, unjust and oppressive. (*City of Belleville* v. *Pfingsten*, 225 Ill. 293, and cases cited.) Such is not the case here.

Appellants further contend that the public benefits assessed were out of proportion with the assessment levied against private property. That question is not subject to review here on appeal or writ of error. *City of Peoria* v. *Smith*, 232 Ill. 561, and cases cited.

Appellants further contend that the assessment of benefits was made on a front-foot basis and not according to benefits. We think the record does not sustain this objection. While a special assessment made on a frontage basis, merely, without regard to benefits, would be invalid, the law does not preclude the commissioner taking into consideration foot-frontage of the various lots as an element in fixing the amount of the assessment. *City of Nokomis* v. *Zepp*, 246 Ill. 159, and cases cited.

Appellants further contend that the proof in the record shows that certain property was assessed more than it was benefited. The test in all special assessment proceedings is that the assessment should not exceed the special benefit to the property. (*City of Nokomis* v. *Zepp, supra.*)

After a review of the evidence we are disposed to hold that none of the property was assessed by the judgment more than it was benefited.

We find no reversible error in the record. The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*