THE CITY OF WAUKEGAN, Appellee, vs. GEORGE R. LYON
et al. Appellants.

*Opinion filed February 23, 1912.*

1. SPECIAL ASSESSMENTS—*void ordinance will not support new assessment for completed work.* Where the estimate of cost of an improvement exceeds $100,000, the publication of the ordinance, as required by section 11 of the Local Improvement act, is essential to the validity of the ordinance, and if such section is not complied with the ordinance is void as to the property of objectors and will not support a new assessment against such property for completed work, under section 58 of said act.

2. SAME—*when judgment is res judicata as to the validity of ordinance.* A judgment dismissing a petition for confirmation as to the property of the objectors upon the ground that the ordinance was not published as required by section 11 of the Local Improvement act is, until reversed, *res judicata,* as between the parties, that the ordinance is void, notwithstanding the judgment contains the statement that the ordinance is "defective and insufficient for the purpose of said assessment," and such judgment is a bar to any attempt by the city to spread an assessment against the property which is based upon such ordinance.

APPEAL from the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding.

ELAM L. CLARKE, COOKE, POPE & POPE, and HEYDECKER & PARMALEE, for appellants.

ARTHUR BULKLEY, (GEORGE A. MASON, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

The county court of Lake county entered a judgment confirming a new special assessment for completed work under an ordinance of the city of Waukegan, and this appeal is prosecuted from that judgment.

On July 9, 1906, the board of local improvements of the city of Waukegan presented to the city council an ordinance for a system of concrete sewers, together with an

estimate of $108,212.75 as the cost of the improvement, of which amount there was estimated as necessary to pay the cost of making and collecting the assessment, the sum of $6125.25.   On July 16, 1906, the ordinance was passed by the city council and approved by the mayor.   On March 23, 1909, the city of Waukegan filed its petition in the county court of Lake county for a special assessment under that ordinance.   Objections were filed by the owners of a part of the property assessed for the improvement, and on May 4, 1909, the court sustained the objection that the ordinance had not been duly published according to the provisions of section 11 of the Local Improvement act.   In its order the court found that "the ordinance herein is defective and insufficient for the purpose of said assessment, in that section 11 of the Local Improvement act of 1897 has not been complied with, and that said legal objections should be sustained," and decreed "that the legal objection that the ordinance herein was not duly published according to the provisions of section 11 of the Local Improvement act of 1897 be and the same is hereby sustained, and that the petition herein be and the same is hereby dismissed as to the property of said objectors."   The city elected to proceed with the improvement, the contract for the sewer was let, and on October 13, 1910, the final estimate for work was approved by the board of local improvements. Thereafter, on December 30, 1910, the board of local improvements filed its certificate of the final completion and acceptance of the work, showing the cost of construction and the amount estimated by the board to be required to pay the interest on bonds and vouchers issued to anticipate collection, and showing the amount of the assessment as confirmed.   On March 20, 1911, the city council passed an ordinance reciting the passage of the ordinance of July 16, 1906, the proceedings in the county court resulting in the confirmation of the assessment as to lands of non-objectors which were specially benefited, the letting of the contract

and the making of the improvement, that the work was done in good faith, that the county court held the prior ordinance insufficient for the purpose of such original assessment as to the property of objectors, so that the collection of the assessment as to such property had become impossible, and that a new assessment should be spread so that such property should be charged with its proportionate share of the cost of the improvement. The ordinance provided that a new assessment· for $13,618.15 be levied against the property objected for in the former proceeding. A petition was filed for a new assessment under the ordinance of March 20, 1911, and an assessment roll returned. Objections were made to the confirmation of this assessment, which, upon hearing, were overruled. The judgment of confirmation from which this appeal is taken was then entered.

It is first contended on the part of appellants that the original ordinance of July 16, 1906, is void and that no new assessment for completed work can be predicated upon it. On the hearing the order of May 4, 1909, was introduced in evidence without objection. The record of the city council relative to the passage of the first ordinance was admitted in evidence subject to objection, and the testimony of the city clerk and the publisher of a newspaper in the city of Waukegan that the ordinance and the proceedings of the city council were published less than one week before the passage of the ordinance was heard subject to objection. Appellee insists that none of the testimony objected to was competent, but it will not be necessary to pass upon that question, as in our judgment the order of May 4, 1909, is conclusive of the matter.

One objection made to the confirmation of the assessment in the former proceeding was, that the ordinance was not published as required by section 11 of the Local Improvement act. This objection was sustained and the petition dismissed as to the property of the objectors for that

reason. From that judgment no appeal was prosecuted, and the parties are bound by it. It is essential to the validity of such an ordinance, where the estimate of costs exceeds the sum of $100,000, that it be published as required by section 11 of the Local Improvement act. If this provision is not complied with the ordinance is void and of no effect. (*City of East St. Louis* v. *Davis,* 233 Ill. 553; *Village of Bellwood* v. *Latrobe Steel and Coupler Co.* 238 id. 52.) A void ordinance will not support a new assessment for completed work under section 58 of the Local Improvement act, (*City of Chicago* v. *Hulbert,* 205 Ill. 346; *City of Chicago* v. *Galt,* 225 id. 368;) and the county court should have dismissed the petition herein.

The appellee contends that by the judgment order of May 4, 1909, the county court did not hold the ordinance void, but simply that it was defective and insufficient for the purpose of the assessment, and that by virtue of that holding it is now entitled to procure a new assessment for completed work under section 58 of the Local Improvement act. The essential part of the judgment order of May 4, 1909, is, that the objection that the ordinance was not published according to the provisions of section 11 was sustained and the petition dismissed as to the objectors for that reason. That judgment defined the character of that ordinance, and its effect is not altered by reason of the fact that the order contained a finding that the ordinance was defective and insufficient for the purpose of the assessment. That is an adjudication that the ordinance is void, and as that judgment stands unreversed, it is a bar to any attempt of the city to spread an assessment against the property of the objectors which is based upon that ordinance.

In view of the fact that there was no ordinance for the improvement it will not be necessary to notice the other questions argued by counsel.

The judgment of the county court is reversed.

*Judgment reversed.*