(No. 12245.—Reversed and remanded.)
THE VILLAGE OF WINNETKA, Appellee, *vs.* W. L. TAYLOR
*et al.* Appellants.

*Opinion filed June 18, 1919—Rehearing denied October 8, 1919.*

1. SPECIAL ASSESSMENTS—*petition purporting to be signed by village attorney prima facie complies with statute.* An objection that the petition for a special assessment was not filed by an officer of the village, as required by section 37 of the Local Improvement act, cannot be sustained, where the petition filed purports to be signed by the village attorney and the record does not disclose whether or not a village attorney had been appointed.

2. SAME—*introduction of formal proofs makes prima facie case for petitioner.* In a special assessment proceeding the introduction of the formal proofs, consisting of the petition, certified copy of recommendation, estimate and ordinance, certificate of publication, affidavits of posting and mailing assessment roll, and affidavits and certificates thereto attached, constitutes a *prima facie* case for the petitioner, and all objections to the entry of the confirmation order must overcome the presumption raised by such *prima facie* case.

3. SAME—*time when a supplemental proceeding for deficiency may be begun.* Since the amendment in 1905 of section 59 of the Local Improvement act it is no longer necessary for a city or village to wait until the improvement has been completed before beginning a supplemental assessment proceeding to make up a deficiency. (*City of Chicago* v. *Noonan,* 210 Ill. 18, explained.)

4. SAME—*when section 11 of Local Improvement act, requiring publication of ordinance, must be complied with.* Section 11 of the Local Improvement act, requiring the publication of an ordinance for an improvement in excess of $100,000, cannot be avoided by the levy of a supplemental assessment to make up a deficiency, where the board of local improvements is informed before the letting of the contract that the improvement will cost more than $100,000; and in such case the improvement cannot be proceeded with without the further notice and consideration required by said section, although the order of confirmation has been entered on the original estimate and assessment roll.

5. SAME—*when a public hearing must be had on supplemental proceeding.* Section 59 of the Local Improvement act, requiring that where the deficiency exceeds ten per cent of the original estimate a public hearing shall be had on the supplemental proceeding, is jurisdictional, and in such case, if no public hearing is had, the county court cannot entertain a petition for supplemental assessment.

CARTER, J., dissenting.

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

MORTON T. CULVER, RAYMOND S. PRUITT, WILLIAM T. HAPEMAN, and ROBERT F. KOLB, for appellants.

FREDERICK DICKINSON, Village Attorney, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a supplemental special assessment for the construction of a pavement in Sheridan road, in the village of Winnetka.

The original assessment, known as No. 243, was confirmed as modified in the aggregate amount of $85,067.19 and judgment entered therefor. The petition filed by the village attorney for an order of confirmation of supplemental special assessment No. 269 sets forth the following estimated statement of deficiency, to-wit:

Estimated total cost of work, being price at which con-
    tract has been let............................$114,982.81
Estimated deficiency in interest...................... 5,104.03
    Total .........................................$120,086.84
Assessment No. 243 ................................ 85,067.19
    Difference . ..................................... $35,019.65
Cost of making and collecting supplemental assessment. 2,101.17
    Total estimated deficiency........................ $37,120.82

Attached to the petition is the ordinance approving and recommending the improvement.

The objections filed and errors assigned and argued in this court are as follows: That the village of Winnetka is not incorporated under the City and Village act of 1872 but is a municipality by virtue of a special act of the General Assembly adopted in 1869, of which the court was bound to take judicial notice, in which act provision is made for local improvements by special assessment and in which village officers are designated, not including the village at-

288 — 40

torney; that the burden of proof was on the petitioner to show that the village of Winnetka had adopted an act entitled "An act concerning local improvements," approved June 14, 1897, in force July 1, 1897, and subsequent amendments thereto, and also article 9 of an act entitled "An act to provide for the incorporation of cities and villages," approved April 10, 1872, in force July 1, 1872, upon objections being filed denying such adoption, and that without such proof the court was without jurisdiction; that the burden of proof was on the petitioner to show that the village attorney was an officer of the municipality authorized by the Local Improvement act to file the petition in question for an order of confirmation; that the petitioner did not comply with section 11 of the Local Improvement act relative to an estimated cost in excess of $100,000; that the court erred in the giving and refusing of the instructions.

It is contended by appellee that the court will take judicial notice of the special act of the legislature approved March 10, 1869, providing a special charter for the village of Winnetka and the authority therein contained to make local improvements by special assessment; that the village of Winnetka having adopted, by ordinance legally passed and approved, article 9 of the City and Village act prior to the passage of the Local Improvement act, is authorized by said act to construct local improvements by special assessment in accordance with its terms; that it is sufficient to specify the village attorney, in the ordinance providing for the supplemental assessment, as the officer to file the petition in the name of the municipality for an order of confirmation; that section 11 of the Local Improvement act does not apply to a petition for an order of confirmation of a supplemental assessment.

It is first contended by the appellants that the village of Winnetka was without authority to institute special assessment proceedings under the Local Improvement act. It appears from the record that the village of Winnetka is

organized and incorporated under and by virtue of a special act of the legislature approved March 10, 1869. Paragraph 6 of section 4 of article 3 of said special charter provides the powers of said village, as follows: "To open, alter, abolish, widen, extend, establish, straighten or otherwise improve and to keep in repair streets, lanes and alleys, sidewalks, drains, sewers, culverts and bridges, and to have exclusive power and control over the same." Other sections of the special charter provide with particularity the method of instituting and levying special assessments and with the taking of private property for public use.

The Local Improvement act, as shown by section 1, vests the power to make local improvements in four classes of corporate authorities. That section provides: "That the corporate authorities of cities, villages and incorporated towns are hereby vested with the power to make such local improvements as are authorized by law, by special assessment, or by special taxation, of contiguous property, or by general taxation, or otherwise, as they shall by ordinance prescribe: *Provided,* that this act shall apply only to such cities and villages as are now, or shall hereafter become, incorporated under an act entitled, 'An act to provide for the incorporation of cities and villages,' approved April 10, 1872, in force July 1, 1872, and to all cities, villages and incorporated towns which have heretofore adopted article 9 of the act above mentioned, in the manner therein provided, or shall hereafter adopt this act, as herein provided; but all other corporate authorities, having power to levy special assessments or special taxes for local improvements, may make use of the provisions of this act for that purpose in the manner hereinafter provided."

It appears from the evidence that the village of Winnetka, by an ordinance passed May 7, 1879, adopted article 9 of the City and Village act of 1872 and the amendments thereto, and it is contended that the village belongs to that class of corporate authorities having power to levy

special assessments which may make use of the provisions of the Local Improvement act in the manner therein provided. The record contains no evidence offered in support of the objection that the village of Winnetka was without authority to proceed in the levying of special assessments under the Local Improvement act, and under the condition of the record here, we are of the opinion that the village comes within the class contemplated by section 1 of the Local Improvement act, and that it had power and authority, under said act, to institute special assessment proceedings for said local improvement.

It is also contended by appellants that since the act of 1869, creating the charter of said village, provides the proceedings to be followed in the making of local improvements and designates the officers of the village but does not provide for a village attorney, there was no such officer of the village whom the law would recognize, and that therefore, when the ordinance providing for the improvement in question provided that the village attorney file a petition for confirmation in the name of the village, there was no officer representing the village whose petition could give the court authority to consider the same. Section 37 of the Local Improvement act provides as follows: "Upon the passage of any ordinance for a local improvement pursuant thereto, it shall be the duty of the officer specified therein to file a petition in some court of record in said county, in the name of such municipality, praying that steps be taken to levy a special assessment for the said improvement in accordance with the provision of the said ordinance." Section 2 of article 3 of the charter of the village of Winnetka provides as follows: "The council shall have power by resolution or ordinance to appoint other officers and agents to perform special duties and fix the compensation therefor." The record does not disclose any proof on the question whether or not a village attorney had been appointed for the village, while the petition filed purports to

be signed by such officer. It has been frequently recognized by this court that the introduction of the formal proofs, consisting of the petition, certified copy of recommendation, estimate and ordinance, certificate of publication, affidavits of posting and mailing assessment roll, and affidavits and certificates thereto attached, constitute a *prima facie* case for the petitioner, and all objections, legal or otherwise, urged against the entry of the confirmation order must overcome the presumption raised by such *prima facie* case. (*Village of Oak Park* v. *Eldred,* 265 Ill. 605; *People* v. *Culver,* 281 id. 401.) We are of the opinion that the statute conferring jurisdiction has been complied with.

It is contended on the part of the appellants that by reason of the fact that the estimated deficiency, when added to the original estimate, brought the cost of the improvement to over $100,000, the ordinance providing for said deficiency should have been published as required by section 11 of the Local Improvement act, which provides as follows: "Upon the presentation to the common council or board of trustees of such proposed ordinance, together with such recommendation and estimate, if the said estimate of cost shall exceed the sum of one hundred thousand dollars ($100,000) (exclusive of the amount to be paid for land to be taken or damaged,) such ordinance shall be referred to the proper committee, and published in the proceedings of the council or board of trustees, in the usual way, in full, with the recommendation and estimates, at least one week before any action shall be taken thereon by the council or board of trustees."

The cases of *City of Waukegan* v. *Lyon,* 253 Ill. 452, and *City of East St. Louis* v. *Davis,* 233 id. 553, cited by appellants, were cases where the original estimate exceeded $100,000. In the case of *Kerfoot* v. *City of Chicago,* 195 Ill. 229, also cited by the appellants, the improvement was divided into three parts and three ordinances were passed. They were nevertheless held to be a single improvement

and to come within the provisions of said section 11. Those cases are not entirely in point here. The question here is whether or not the village board of trustees has the power in all cases to provide by ordinance for a local improvement which in fact is to cost in excess of $100,000 and avoid the publication and reference provided for in section 11 if the estimate submitted is less than $100,000. The purpose of section 11 is to secure additional notice to the property owners and others interested, and additional consideration, through committees, of those improvements costing in excess of $100,000. Obviously it was not the intention of the legislature to provide a means whereby the city council or village board may avoid the provisions of section 11 by the use of an estimate showing a cost less than $100,000 when the known cost of the improvement is, in fact, much more than that sum. Here the order of confirmation of the original assessment roll was entered on May 12, 1917. The record does not disclose when the bids were received and the board of local improvements thereby informed as to what the total cost would be, but it does show that the board had knowledge of the cost on July 5, 1917, when a resolution of that board directing the president thereof to prepare an estimate of the deficiency recites that such bids had been received. This, evidently, was before the contract was let. The record also shows that the estimate of deficiency was made up and filed July 12, 1917, and that the certificate of first voucher for work done on the original estimate was dated October 4, 1917. It is therefore evident that before the contract was let it had become definitely known to the board of local improvements of the village that the cost would be far in excess of $100,000.

While it is true, as was said by this court in *City of Nokomis* v. *Zepp,* 246 Ill. 159, that "the best estimate possible will prove too high or too low," yet where, as in this case, the board was informed, immediately upon opening the bids, that the improvement would cost in excess of

$100,000, such improvement should not have been proceeded with without the further notice and consideration required by section 11. While it is true that the order of confirmation had been entered on the original estimate and assessment roll and the village would therefore be required to dismiss said petition and start proceedings again, yet it is provided in section 56 of the Local Improvement act that the petition may be dismissed at any time before the letting of a contract and issuance of bonds, upon a showing that no contract has been let or bonds issued or that the project has been abandoned, etc. The first proviso of section 59 of said act authorizes the village to dismiss the petition and start a new proceeding after submission of an estimate for deficiency. These sections, together with section 11 requiring publication and reference to committee where the estimated cost exceeds $100,000, show clearly the intent of the legislature that the village should not proceed with such an improvement without complying with section 11. To hold otherwise would be to enable the village board and board of local improvements to avoid the clear meaning and intent of the statute by submitting an estimate far below the actual cost of an improvement, and later an estimate for deficiency, in cases where the total cost of the improvement is known to be in excess of $100,000.

It is also contended that section 59 of the Local Improvement act has not been complied with; that the village board is without power to pass an ordinance for a deficiency assessment until the work of the improvement is completed. This was held to be the rule in the case of *City of Chicago* v. *Noonan,* 210 Ill. 18, under section 59 as it then read. That section was thereafter amended by the act of May 18, 1905, to read as follows: "At any time after bids have been received pursuant to the provisions of this act, if it shall appear to the satisfaction of the board of local improvements that the first assessment is insufficient to pay the contract price or the bonds or vouchers issued or to

be issued in payment of such contract price, together with the amount required to pay the accruing interest thereon, said board shall make and file an estimate of the amount of such deficiency, and thereupon a second or supplemental assessment for such estimated deficiency of the cost of the work and interest may be made in the same manner as nearly as may be as in the first assessment: * * * *Provided, however,* the petitioner, in case it so elects, may dismiss the petition and vacate the judgment of confirmation either at or after the term at which the judgment of confirmation is rendered, and begin new proceedings for the same or a different improvement as provided in section 56 of this act as amended: *Provided, further,* that if said estimated deficiency shall exceed ten percentum of the original estimate, then a public hearing shall be had on said supplemental proceeding in like manner as in the original proceedings: *And, provided, further,* that no more than one (1) supplemental assessment shall be levied to meet any deficiency where said deficiency is caused by the original estimate made by the engineer, being insufficient." It will be noted that the section as amended gives the village the right to make and file an estimate of the deficiency "at any time after bids have been received pursuant to the provisions of this act," when it shall appear to the board of local improvements that the first assessment is insufficient to pay the cost of the improvement. Since the amendment of section 59 the cases cited by appellants are no longer applicable.

It is further contended that section 59 was not complied with for the reason that there was no public hearing had upon the supplemental proceedings. The second proviso of section 59 provides that where the "deficiency shall exceed ten percentum of the original estimate, then a public hearing shall be had on said supplemental proceeding in like manner as in the original proceedings." Here the original estimate was $85,067.19. The estimated deficiency was

$37,120.82, or more than forty per cent of the first esti-
mate. Under section 59 a public hearing should therefore
have been had as in an original proceeding. This was juris-
dictional, and no such public hearing having been held, the
village board was without authority to pass the ordinance
upon which the petition herein is based. The ordinance be-
ing passed without authority the petition did not vest the
county court with jurisdiction, and the judgment of con-
firmation is therefore void.

Certain other objections have been urged, but as the
case must be reversed for the reason given, they are no
longer material.

The judgment of confirmation will be reversed and the
cause remanded, with directions to the county court to dis-
miss the petition as to the property of objectors herein.

*Reversed and remanded, with directions.*

Mr. JUSTICE CARTER, dissenting:

I do not agree with the conclusion of the opinion that
the legislature intended, under such circumstances as are
shown here by the record, to require the local board of
improvements to advertise ten days because the estimates
altogether amounted to more than $100,000. When sec-
tion 11, as to advertising when the estimate exceeded $100,-
000, was passed the law then required that no supplemental
assessment could be levied until the work was completed,
but the Local Improvement act was afterward amended so
as to permit a supplemental assessment to be levied at any
time after the bids for the work had been received in ac-
cordance with the provisions of the act. I do not think
there is anything in the amendment to indicate that the
legislature had in mind, in any way, advertising, as pro-
vided in section 11, if the estimates together should amount
to more than $100,000. The construction given the Local
Improvement act as amended in this regard puts something
into the act that I do not think the legislature had in mind

at the time the amendment was passed. The effect of the opinion on this point, in my judgment, results in judicial legislation, entirely outside of legislative intention.