(No. 12755.—Judgment affirmed.)

THE CITY OF CHICAGO, Appellant, *vs.* L. MAX *et al.* Appellees.

*Opinion filed October 27, 1919.*

1. STATUTES—*pre-existing law should be considered in ascertaining intent of legislature.* In construing a statute the principal object is to ascertain and give effect to the intent of the legislature, and to ascertain that intent the entire act, together with the pre-existing law on the subject and any changes in the law made by the act, and the apparent motive for making such changes, should be considered.

2. SPECIAL ASSESSMENTS—*purpose of public hearing in the original proceeding.* The purpose of the public hearing required in the original proceeding for a local improvement is to give property owners a chance to be heard and to determine whether they will consent to or oppose the contemplated improvement or any of the elements thereof or propose modifications with reference to same.

3. SAME—*right to public hearing is a substantial right.* The right to a public hearing is a valid and substantial right, which should not be lightly disregarded.

4. SAME—*amendment of 1905 to section 59 of Local Improvement act allows public hearing before work is done.* The amendment of 1905 to section 59 of the Local Improvement act, providing for a public hearing on supplemental proceedings if the estimated deficiency exceeds ten per cent of the original estimate, allows a public hearing before the work is done, so as to give an opportunity to the property owners to protest as to the character of the improvement and as to its completion as originally intended.

APPEAL from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, ALBERT L. GREEN, EUGENE H. DUPEE, HARRY A. TIFFANY, and OTTO W. ULRICH, (GEORGE P. FOSTER, and WILLIAM H. DILLON, of counsel,) for appellant.

WILLIAM T. HAPEMAN, (GEORGE A. MASON, of counsel,) for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a proceeding to levy and collect a supplemental assessment to cover a deficiency in the cost of curbing, grading and paving with brick the alley between East Eighty-ninth street, East Ninetieth street, Commercial avenue and Exchange avenue, in the city of Chicago. The engineer's estimate of the cost of the original proceeding was $4531.50. The county court on the original hearing made certain reductions and confirmed the estimated roll for $4501.50. When the bids were received for doing the work it was found that they exceeded the estimated cost of the improvement. On January 14, 1918, the city council of Chicago passed an ordinance for a supplemental special assessment to pay the said estimated deficiency. This estimated deficiency was more than ten per cent of the original estimate, but no public hearing was held by the city authorities on the supplemental assessment until November 30, 1917, after the contract had been awarded and the work fully completed. Objection was filed to the supplemental assessment in the county court on the ground that a public hearing had not been held at the proper time, and after a hearing that objection was sustained. This appeal followed.

The only question involved in this case is whether the public hearing provided for in amended section 59 of the Local Improvement act should have been had before the contract was let.

Section 59 as originally enacted in the Local Improvement act of 1897 provided that if the first assessment proved insufficient a second might be made in the same manner as nearly as may be, and so on until sufficient moneys shall have been realized to pay for the improvement. This section was amended in 1901 so as to provide that the petitioner, if it desired, might elect to dismiss the petition and vacate the judgment, either before or after the term at which it was rendered, and begin new proceedings. There was no provision in the act as originally passed

or as amended in 1901 providing for a public hearing on the supplemental assessment, nor was there any provision for levying a supplemental assessment based upon an estimated deficiency. Under section 59 as then worded it was held by this court that a public hearing was not required on the supplemental assessment and that such supplemental assessment could not be levied until after the work was completed. (*City of Chicago* v. *Noonan,* 210 Ill. 18; *City of Chicago* v. *Richardson,* 213 id. 96; *Sheriffs* v. *City of Chicago,* 213 id. 620.) Section 59 was amended in 1905 so as to provide that at any time after bids had been received, if it should appear that the first estimate was insufficient to pay the contract price together with interest, a supplemental assessment might be levied to pay for an estimated deficiency of the cost of the work, "in the same manner, as nearly as may be, as in the first assessment." The section was also amended at the same time so that it states, "that if said estimated deficiency shall exceed ten percentum of the original estimate, then a public hearing shall be had on said supplemental proceeding in like manner as in the original proceedings." (Laws of 1905, p. 103.)

It is earnestly argued by counsel for appellant that the legislature never intended that a public hearing on a supplemental assessment should be held before the contract was signed and before the work was completed; that the legislature did not intend by this provision that the property owner should be entitled to a hearing on the supplemental assessment as to the extent, nature and cost of the improvement as under section 8 in the original proceeding; that the last amendment as to supplemental proceedings, passed in 1905, was intended for the benefit of the contractor and the municipality and not for the benefit of the property owner. We cannot agree with this contention. There can be no question that in construing a statute the principal object is to ascertain and give effect to the intention of the legislature; that the intent of the legislature is the law;

that to ascertain that intent the whole act, together with the law existing prior to its passage, any changes in the law made by the act and the apparent motive for making such changes, will be weighed and considered. ·This intention is to be gathered not only from the language used but also from the reason and necessity for the enactment, the evils sought to be remedied and the objects and purposes to be attained by it. (*Stribling* v. *Prettyman,* 57 Ill. 371; *People* v. *Abbott,* 274 id. 380; *Kehl* v. *Taylor,* 275 id. 346.) We have no doubt that the legislature passed the amendment of 1905, providing that a supplemental assessment could be levied before the work was done, in order to obviate the effect of the decisions of this court in *City of Chicago* v. *Richardson, supra,* and *Sheriffs* v. *City of Chicago, supra,* holding that a supplemental assessment could not be levied until the work was done, and that this amendment was made for the purpose of protecting the contractor as well as the municipality, but we do not agree with the argument of appellant that it was not also intended to protect the interests and rights of the property owners. This court has held that the purpose of the public hearing as to the original proceeding was to enable property owners to determine whether they would consent to or oppose the contemplated improvement or any of the elements thereof, or propose modifications or changes with reference to the· same. (*City of Chicago* v. *Huleatt,* 276 Ill. 466.) It is true that the municipal authorities are ·not bound by the wishes or views of property owners expressed at a public hearing, but such hearing is undoubtedly provided to give the public authorities an opportunity of learning from the property owners their wishes in regard to the improvement, and we cannot think, from the wording of the entire Local Improvement act and its amendments, that the legislature intended that the municipal authorities should arbitrarily ignore the expressed wishes of the property owners in regard to a public improvement, if such objections were reasonable

and valid. We think it should be assumed that the legislature intended that the municipal authorities, until after the public hearing was had, would be open-minded on the question whether or not the improvement should be modified or changed or whether it should be abandoned, having in mind not only the needs of the municipality but the interests of the property owners. The manifest object of the law in creating a board of local improvements and providing for the preliminary proceedings before that board was to prevent hasty, ill-advised or secret action by the city authorities, without giving to the property owners whose interests are involved an opportunity to be heard. (*Ogden, Sheldon & Co.* v. *City of Chicago,* 224 Ill. 294.) A public hearing is to enable the board of local improvements and the property owners to discuss fully, fairly and without prejudice, the kind, character, extent and cost of the proposed improvement. The right to a public hearing is a valid and substantial right, which should not be lightly disregarded or ignored. While it is true that a large and sound discretion rests with the board of local improvements and municipal authorities with reference to the kind and character of the work and the nature of the improvement and that the courts will not interfere with the exercise of such sound discretion by the municipal authorities, still it was the plain intent of the legislature that the original public hearing shall be held for the purpose of giving the property owners an ample chance to be heard and to obtain a full knowledge as to the nature, character and cost of the improvement, and for the purpose of having a full, free and unbiased hearing by the local board of improvements on all of these questions.

Did the legislature, in amending section 59 providing for a public hearing on the supplemental proceeding "in like manner as in the original proceedings," if the estimated deficiency exceeds ten per cent of the original estimate, intend that the public hearing should be held for the

same purpose as the public hearing in the original proceedings under section 8? In our judgment that was clearly the legislative intention. The amendment uses the same phrase, "public hearing," and says it shall be held "in like manner as in the original proceedings." The intention was that at this public hearing the same kind of questions should be considered and be open for discussion, so far as possible, as in the original public hearing,—that is, whether the board should proceed with or abandon the original improvement at the additional cost or change the character to some other improvement. To construe the statute to mean that this hearing may be had after the contract has been awarded and the work done is to defeat the very purpose of a public hearing, but if the hearing is had before the municipality is bound by contract and while it is in position to reject the bids at the additional cost and change the nature and character of the improvement, it will present an opportunity to the property owners to be heard on all those questions. The intention of the legislature in passing this amendment was clearly to allow a public hearing before the work was done, when the estimated deficiency is over ten per cent, so as to give an opportunity to the property owners to protest as to the character and kind of the improvement and whether it ought to be completed as originally intended. For these reasons the county court rightly sustained the objections to this assessment because the public hearing had not been had before the contract was let.

While the precise question here involved was not before the court, the reasoning as to a public hearing on a supplemental assessment in *Village of Winnetka* v. *Taylor,* 288 Ill. 624, is in accord with the conclusion here reached.

The judgment of the county court will be affirmed.

*Judgment affirmed.*