(No. 13407.—Judgment affirmed.)

THE VILLAGE OF WINNETKA, Appellee, *vs.* JAMES HANDY
*et al.* Appellants.

*Opinion filed October 23, 1920—Rehearing denied Dec. 10, 1920.*

1. SPECIAL ASSESSMENTS—*purpose of public hearing.* The pub-
lic hearing in a special assessment proceeding is to enable the board
of local improvements and the property owners to consider ques-
tions as to the kind, character, extent and cost of the improvement
and to give the property owners a chance to be heard.

2. SAME—*what is sufficient estimate of deficiency in a supple-
mental proceeding.* The estimate in an original proceeding must be
itemized so as to show the cost of the substantial component ele-
ments of the improvement separately, but in a supplemental pro-
ceeding to provide for a deficiency an estimate of the difference
between the original assessment and the actual amount for which
the improvement can be made, together with the estimated defi-
ciency of interest and the six per cent item, is a substantial com-
pliance with the requirement of the statute to proceed in the same
manner, as nearly as may be, as in the original assessment.

3. SAME—*certificate of officer as to cost of improvement is not
required in supplemental assessment.* The certificate of the proper
officer that the estimate does not exceed the probable cost of the
improvement is a material requirement in an original proceeding,
but in a supplemental proceeding to provide for a deficiency fixed
by the difference between the original assessment and the lowest
bid the probable cost is determined by the bid and the certificate
is not required.

4. SAME—*confirmation of original assessment is conclusive in
supplemental proceeding.* On the hearing of a petition to confirm
a supplemental assessment to provide for a deficiency the judg-
ment confirming the original assessment is conclusive as to every-
thing that was or could have been raised on the original hearing.

APPEAL from the Superior Court of Cook county; the
Hon. THEODORE BRENTANO, Judge, presiding.

WILLIAM T. HAPEMAN, for appellants.

FREDERICK DICKINSON, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

After the usual hearings before the board of local improvements an ordinance of the village of Winnetka was passed providing for a system of street improvements in fourteen streets of the village, to be paid for by a special assessment, and a petition was filed in the superior court of Cook county for the levy of such an assessment. Judgment of confirmation was entered for $190,400.20. The board of local improvements received bids for the construction of the improvement, and the lowest bid was $228,957. After the bids were received the board adopted a resolution reciting that bids had been received and it appeared that the first assessment was insufficient to pay the contract price and the accruing interest thereon. The amount of the deficiency, with the six per cent item allowed by law, was $44,177.19. A public hearing was had on the question of proceeding with the improvement and levying a supplemental assessment to meet the deficiency, and it was determined to proceed. An ordinance was passed providing for a supplemental assessment to meet the deficiency, and a petition was filed in the superior court praying for confirmation of such assessment. The appellants filed objections, which were overruled, and judgment having been entered, this appeal was prosecuted.

The objections presented to the superior court and argued by counsel for appellants are: (1) The estimate of the deficiency was not properly itemized; (2) the estimate was not made by the board of local improvements; (3) the estimate was not certified as required by statute; (4) the description of the improvement in the first resolution was insufficient; (5) the estimate incorporated in the record of the first resolution was not properly itemized.

Section 59 of the Local Improvement act, as amended in 1919, provides that, at any time after bids have been received pursuant to the provisions of the act, if it shall

appear to the satisfaction of the board of local improvements that the first assessment is insufficient to pay the contract price or the bonds or vouchers issued or to be issued in payment of such contract price, together with the amount required to pay the accruing interest thereon, said board shall make and file an estimate of the amount of such deficiency, and thereupon a second or supplemental assessment for such estimated deficiency of the cost of the work and interest may be made in the same manner, as nearly as may be, as in the first assessment. The estimate in an original proceeding must be itemized so as to show the cost of the substantial component elements of the improvement separately. (*City of Peoria* v. *Ohl,* 209 Ill. 52; *Lyman* v. *Town of Cicero,* 222 id. 379; *City of Marion* v. *Sisney,* 252 id. 421; *City of Chicago Heights* v. *Angus,* 267 id. 628; *City of Chicago* v. *Huleatt,* 276 id. 466.) A public hearing must be had to enable property owners to determine whether they will consent to or oppose the contemplated improvement or any of the separate elements or propose modifications or changes with reference to the same. If there is a deficiency the petitioner may dismiss the petition and vacate the judgment of confirmation, either at or after the term at which the judgment of confirmation was rendered, and begin new proceedings for the same or a different improvement. If the estimated deficiency exceeds ten percentum of the original estimate no contract can be awarded until a public hearing shall be had on the supplemental proceeding in like manner as in the original proceeding, and the estimate in this case comes within that proviso. The public hearing is to enable the board of public improvements and the property owners to consider questions of the kind, character, extent and cost of the improvement, giving the property owners a chance to be heard. (*City of Chicago* v. *Max,* 289 Ill. 372.) The original estimate of the engineer contained twenty-seven separate items of substantial component parts of the proposed improvement, but

the deficiency estimate did not repeat those separate items and show in which particular item or items a deficiency existed. It was only estimated as the difference between the assessment as confirmed and the lowest bid of a responsible bidder for the construction of the improvement, with the estimated deficiency of interest and the six per cent item. The statute requires the supplemental assessment to be made in the same manner, as nearly as may be, as in the first assessment, but it would be impossible to repeat the separate items contained in the original estimate. The statute contemplates bids for the whole work and not separate bids for separate items or parts of the work, ranging in this case in the twenty-seven items from $71,720 for one part of the improvement down to $50 for another. The deficiency contemplated by the statute is the difference between the original assessment and the actual amount for which the improvement can be made, and an estimate of that amount, together with the estimated deficiency of interest and the six per cent item, is a compliance with the statute, because the method is the same, as nearly as may be, as in the case of the first assessment.

The estimate of the deficiency was signed by the president and another member of the board of local improvements, and being by a majority of the board it was sufficient as the act of the board.

In an original proceeding the estimate must contain a certificate of the proper officer that in his opinion the estimate does not exceed the probable cost of the improvement; and this is a material requirement, so that parties affected by the improvement may know that an excessive assessment is not to be charged against their property. (*Village of Lovington* v. *Gregory,* 287 Ill. 169.) In the case of a supplemental assessment authorized by section 59, where the deficiency is fixed by the difference between the original assessment and the lowest bid by a responsible bidder for the construction of the improvement, the probable cost

of the improvement is determined by the bid, and it is not necessary to add anything to the requirement of the statute by having an officer certify to the fact.

The fourth and fifth objections, relating to a description of the improvement and the estimate in the original proceeding, were not open to the appellants upon the hearing of the petition for the confirmation of a supplemental assessment. The judgment confirming the original assessment was conclusive as to everything that was or could have been raised at the hearing.

The judgment is affirmed.          *Judgment affirmed.*