(No. 14303.—Judgment affirmed.)

THE VILLAGE OF WINNETKA, Appellee, vs. W. L. TAYLOR
et al. Appellants.

*Opinion filed December 22, 1921—Rehearing denied Feb. 10, 1922.*

1. SPECIAL ASSESSMENTS—*when new assessment is allowed under sections 57 and 58 of the Local Improvement act.* Sections 57 and 58 of the Local Improvement act allow a proceeding for another assessment where any previous assessment has been declared void, whether the previous assessment was an original or supplemental assessment and whether it was void because of a void ordinance or because the proceedings have been held void.

2. SAME—*the test of relation of assessment to benefits applies whether proceeding is original or supplemental.* The theory of the Local Improvement act is to charge the cost of the assessment to the property that is benefited by the improvement, and, whether the proceeding is original or supplemental, the continuing test of the relation of the assessment to the benefits applies.

3. SAME—*interest is proper on deferred payments of assessment levied under sections 57 and 58.* Under sections 59 and 92 of the Local Improvement act it is proper to include with the cost of a new assessment under sections 57 and 58 of the act an amount for interest required to be paid in case of the failure to collect a part of the new assessment when the payments are due.

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

MORTON T. CULVER, RAYMOND S. PRUITT, WILLIAM T. HAPEMAN, and ROBERT F. KOLB, for appellants.

FREDERICK DICKINSON, Village Attorney, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

In May, 1916, the board of trustees of the village of Winnetka passed an ordinance providing for paving a certain portion of Sheridan road within the limits of the village by special assessment. Thereafter, and pursuant to the original ordinance, proceedings were had in the county court of Cook county for an assessment of the property benefited to pay for the improvement, and on a hearing a

judgment of confirmation was entered, assessing a certain sum on all property benefited. It appears from this proceeding that the property assessed in the original proceeding had paid the original assessment, and later, in August, 1917, the board of trustees passed an ordinance providing for a supplemental assessment to pay the deficiency in the cost of constructing the improvement as described in the original ordinance, and proceedings were instituted in the county court to assess the property proposed to be benefited, and a judgment was entered in said court confirming the supplemental assessment. From this order an appeal was taken to this court, and in June, 1919, the judgment in the supplemental proceedings was reversed and the cause was remanded to the county court, with directions to dismiss the supplemental petition as to the property of appellants. (*Village of Winnetka* v. *Taylor,* 288 Ill. 624.) A rehearing·was denied by this court October 8, 1919. Later, December 2, 1919, the board of trustees passed an ordinance providing for another assessment to complete the improvement described in the original ordinance, under the provisions, it is claimed, of sections 57 and 58 of the Local Improvement act, and thereafter a petition was filed in this proceeding praying for a new assessment for the completed work provided for in the original proceedings. The county court of Cook county confirmed the assessment under this last mentioned proceeding to supply the deficiency by a new assessment to pay for the completed work, assessing the property theretofore assessed in the supplemental proceedings in the case of *Village of Winnetka* v. *Taylor, supra.* From this last named judgment of confirmation an appeal has been prayed to this court.

The chief objection of counsel for appellants to the confirmation of the deficiency assessment is that sections 57 and 58 of the Local Improvement act do not authorize an assessment to pay for a deficiency when a supplemental ordinance under said act has been declared invalid and set

aside, as was done in *Village of Winnetka* v. *Taylor, supra.* Counsel argue that those sections are only intended to authorize an assessment when the original ordinance in a special assessment or special tax proceeding has been annulled or set aside or declared void in any way by the city council, board of trustees or the court, and that the original ordinance in this case has never been held invalid by any court or by the authority of the board of trustees of the village; that the supplemental ordinance is the only thing that has been held invalid. In order to pass fairly on this question it is necessary to have in mind all the provisions of sections 57 and 58 in connection with the rest of the Local Improvement act. Those sections read as follows:

"Sec. 57. If any special assessment or special tax has heretofore been or shall hereafter be annulled by the city council or board of trustees, or set aside by any court or declared invalid or void for any reason whatsoever, a new assessment or tax may be made and returned and like notice shall be given and proceedings had as herein required in relation to the first; and if any local improvement has heretofore been or shall hereafter be constructed under the direction of the board of local improvements and has been or shall be accepted by such board, and the special assessment or special tax levied or attempted to be levied to pay for the cost of such an improvement has been or shall be so annulled, set aside or declared invalid or void, then a new special assessment or special tax may be made and returned to pay for the cost of the improvement so constructed, or to pay for the cost of such part thereof as the city council or board of trustees might lawfully have authorized to be constructed and paid for by special assessment or special tax. All parties in interest shall have like rights, and the city council or board of trustees, and the court shall perform like duties and have like power in relation to any subsequent assessment or tax as are hereby given in relation to the first.

"Sec. 58. No special assessment or special tax shall be held invalid or void because levied for work already done, if it shall appear that such work was done under a contract which has been duly let and entered into pursuant to an ordinance providing that such an improvement should be constructed and paid for by special assessment or special tax, and that the work was done under the direction of the board of local improvements and has been accepted by such board; nor shall it be a valid objection to the confirmation of such new assessment that the original ordinance has been declared void or that the improvement as actually constructed does not conform to the description thereof as set forth in the original special assessment ordinance, if the improvement so constructed is accepted by the board of local improvements. The provisions of this section shall apply whenever the prior ordinance shall be held insufficient or otherwise defective, invalid or void, so that the collection of the special assessment or special tax therein provided for becomes impossible. In every such case, when such an improvement has been so constructed and accepted, and the proceedings for the confirmation and collection of the special assessment or special tax are thus rendered unavailing, it shall be the duty of the city council or board of trustees to pass a new ordinance for the making and collection of a new special assessment or special tax, and such ordinance need not be presented by the board of local improvements." (Hurd's Stat. 1917, pp. 504, 505.)

It will be noted that the provisions of these sections are very broad as to the cases wherein a new special assessment or tax may be returned to pay for work already completed, whatever the reason for the deficiency. The first part of section 57 does not refer in terms in any way to any ordinance being declared void or invalid, but provides that "if any special assessment or special tax has heretofore been or shall hereafter be annulled by the city coun-

cil or board of trustees, or set aside by any court or declared invalid or void for any reason whatsoever, a new assessment or tax may be made and returned." Section 57 further provides, "if any local improvement has heretofore been or shall hereafter be constructed under the direction of the board of local improvements and has been or shall be accepted by such board," and the special assessment or special tax has been annulled, set aside or declared invalid, "then a new special assessment or special tax may be made and returned to pay for the cost of the improvement so constructed," and then provides that "all parties in interest shall have like rights, and the city council or board of trustees, and the court shall perform like duties and have like power in relation to any subsequent assessment or tax" as provided in relation to the first. The provisions of section 58 are also comprehensive as to new assessments that may be provided to pay for the cost of completed work. That section, among other things, provides that "no special assessment or special tax shall be held invalid or void because levied for work already done," and that "in every such case, when such an improvement has been so constructed and accepted," if any proceedings for the confirmation of the same shall be unavailing, "it shall be the duty of the city council or board of trustees to pass a new ordinance for the making and collection of a new special assessment or special tax." This section also contains a provision which is especially relied on by counsel for appellants: "nor shall it be a valid objection to the confirmation of such new assessment that the original ordinance has been declared void;" and the argument of counsel for appellants is that the original ordinance in this case has not been declared void, and that the legislature did not intend by sections 57 and 58 to provide that a new assessment could be levied thereunder to supply the deficiency to pay for work already done except in cases where the original ordinance had been declared null and void.

In some of the statements made by counsel for appellants in their briefs they seem to argue that while section 57 alone might possibly be construed to hold that the legislature intended to permit new assessment proceedings to supply the deficiency when a supplemental ordinance had been declared null and void by the courts, yet, considering sections 57 and 58 together, as this court has held in *City of Lincoln* v. *Harts,* 266 Ill. 405, it is clear that it was not intended to have these sections apply to and provide for a new assessment unless the original assessment has been held invalid or void by the courts or the public authorities. We do not think there is anything said in the *Harts case* that would justify any such construction of sections 57 and 58. While it is true that opinion says that these two sections deal with a single subject matter and should be construed together, it also says (p. 409) : "Section 58 deals with the enforcement of such ordinances, only, as are authorized by section 57, and the two sections together provide, in substance, that an ordinance may be passed for a new assessment to pay for work done before the amendment went into effect and that such assessment shall not be held invalid or void because levied for work already done." It would seem clear from that statement that the court meant that the two sections must be read together, and that an ordinance the passage of which was authorized by section 57 would be authorized by section 58. That opinion also says (p. 409) that section 57 "expressly authorizes a new assessment if any special assessment has been declared void for any reason whatever." The opinion also quotes with approval from *City of Seattle* v. *Kelleher,* 195 U. S. 351, the statement that "whatever the legislature could authorize if it were ordering an assessment for the first time it equally could authorize notwithstanding a previous invalid attempt to assess," and the court in discussing the authority granted by sections 57 and 58 says (p. 414) : "This is a new proceeding, independent of the former ineffectual attempts

to enforce special assessments for the paving of this street. It is founded on a new and different statute." Hence it would manifestly appear from the reasoning in that case that the court intended to hold that the provisions of sections 57 and 58 are so broad and comprehensive in their wording as to include a new assessment or any assessment that had been declared void for any reason, whether for the invalidity of the original ordinance or supplemental ordinance, or if for any reason the proceedings to levy such special assessment by the court have been held unauthorized or void.

The construction contended for by counsel for appellants to uphold their argument that the legislature did not intend to authorize a new ordinance unless the original ordinance had been declared void, would appear to us as not the proper construction of that provision of section 58 which refers to the original ordinance being declared void. That provision of the section does not state that that was the intention, but simply shows that the fact that the original ordinance was declared void was not to be a valid objection to a new assessment. Later, section 58, instead of using the adjective "original" as applying to the ordinance to be held void for which a new assessment is authorized, provides that "the provisions of this section shall apply whenever the prior ordinance shall be held insufficient or otherwise defective, invalid or void." In our judgment the only reasonable construction that can be placed upon sections 57 and 58 is that the legislature intended thereby to grant authority for levying an assessment for completed work whenever any prior ordinance for any reason had been held invalid or void, whether it was an original ordinance or a supplemental ordinance, or whenever for any reason the special supplemental proceedings have been held void; and this conclusion is in full harmony with the reasoning of this court in *City of Lincoln* v. *Harts, supra.*

Counsel for appellants also insist that an excessive estimate was included for levying the assessment to make up the deficiency. The chief objection is that the deficiency is estimated at $10,520.85, and that this estimate is excessive by $2101.17, and that this excess in the estimate should have been reduced in the assessment made against appellants' property. As we understand, this estimate of $10,520.85 is the amount that was estimated in the supplemental assessment that was declared invalid in *Village of Winnetka* v. *Taylor, supra.* Nothing was said in the opinion in that case with reference to this estimate being excessive or that it included improper items. And even if the estimate be excessive, as contended, in the amount of $2101.17, this excess should be rebated only as to the property owners interested in this appeal. The original assessment amounted to $85,067.19. The supplemental or additional assessment to pay the deficiency in the cost of the work done and interest amounted to $37,120.82, or a total for the two assessments of $122,188.01, and if it be conceded that, as urged by counsel, this deficiency is excessive by $2101.17, the total amount should be rebated to the appellants only proportionately as compared with the entire assessment, and this would leave the rebate as to them a little less than $200. It is known to all who are well acquainted with this character of work, that the actual cost of a public improvement cannot be estimated with absolute accuracy at any time until after the work is completed and all expenses are paid. As was said by this court in *City of Chicago* v. *Noonan,* 210 Ill. 18, on page 23: "The best estimate that can be made will generally, if not universally, prove too low or too high." The Local Improvement act provides that if it is too high the estimate can be reduced by refunding the excess ratably to those against whom the assessment is made, and if it is too low an additional or supplemental assessment can be made under the provisions of the act to supply the deficiency. The theory

of the act is to charge the cost of the assessment to the property that is benefited by the improvement. "The continuing test in special assessment proceedings, whether original or supplemental, is that the assessment shall not exceed the special benefit to the property assessed." (*City of Nokomis* v. *Zepp*, 246 Ill. 159.) If the estimate is made too low it is certain to cost more than it otherwise would to do the necessary work and carry through the necessary details to assess the deficiency against the property under a supplemental or additional assessment, which extra expense will have to be paid by the property owners, and this should, so far as possible, be avoided. While, after the work is completed, the actual cost should be much more nearly and easily approximated than before the work is done, yet until all the proceedings, both original and supplemental, are completed and the assessments collected it is usually impossible to estimate with absolute accuracy just what the various expenses will be, including interest and the cost of the proceedings.

Counsel for appellants also object to what they claim is an excessive estimate for the interest that is to be collected for deferred payments. In our judgment section 59 of the Local Improvement act, which provides for carrying through delinquent assessments, must apply to an assessment levied under sections 57 and 58; and section 59, in connection with the other provisions of the Local Improvement act, provides for interest on deferred payments. As was said in construing this section in *Village of Winnetka* v. *Handy*, 295 Ill. 54, on page 57: "The statute requires the supplemental assessment to be made in the same manner, as nearly as may be, as in the first assessment. * * * The deficiency contemplated by the statute is the difference between the original assessment and the actual amount for which the improvement can be made, and an estimate of that amount, together with the estimated deficiency of interest and the six per cent item, is a compli-

ance with the statute, because the method is the same, as nearly as may be, as in the case of the first assessment." Without question it was proper to include with the cost of the supplemental or new assessment an amount of interest that would be required to make up for the difference between the original estimate for the deficiency and any deficiency that may be caused by failure to collect a part of the supplemental or new assessment.

Counsel insist that the interest here is subject to the objection of the interest estimate that was referred to by this court in *City of Lincoln* v. *Harts,* 270 Ill. 646, where there was a supplemental or additional assessment to supply the deficiency. The interest there objected to and sustained by this court was, in our judgment, entirely different from the interest here objected to. In that case the court, in discussing the interest improperly included in the estimate, said (p. 647) : "The ordinance, in addition to the cost of the improvement of $16,904.82 as fixed in the original estimate, provided for the assessment of the further sum of $2337.75 interest at the legal rate upon the improvement bonds issued to anticipate the collection of the deferred installments of the original assessment, from the date of their issue to October 20, 1913." Obviously, this item of interest was bad, since it was upon bonds issued against the prior assessment. That is not the situation here. The item objected to here, as we read the record, is for the possible deficiency of interest on account of the failure of certain property owners to pay the new assessment here in question. Such an item for deficiency in interest is, in our judgment, authorized by section 59 of the Local Improvement act, read in connection with the other provisions of said act. Section 92 of the act, taken in connection with section 59 and the other provisions, clearly authorizes an estimated amount of deficiency sufficient to make up any probable deficiency of interest, "by which, from any cause, collections of interest may prove insufficient to meet the in-

terest to be paid" on the bonds issued under the supplemental or new ordinance.

Counsel for appellants further object to including in the estimate of the cost of the deficiency a six per cent item which was inserted to cover the cost of the proceedings, and which, under section 94 of the Local Improvement act, is authorized in cities and villages having a population of less than 100,000. This objection is without merit.

We find no material error in the record. The judgment of the county court will be affirmed.

*Judgment affirmed.*