THE VILLAGE OF HINSDALE, Petitioner-Appellant, *v.* MAURICE R. LOWENSTINE *et al.*, Objectors-Appellees.

(No. 74-109; ▮▮▮▮▮▮▮▮

Second District—November 13, 1974.

Klein, Thorpe, Kasson & Jenkins, of Chicago (Patrick A. Lucansky, of counsel), for appellant.

Ross, Hardies, O'Keefe, Babcock & Parsons, of Chicago, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

The village of Hinsdale, appellant, filed a petition in the circuit court of Du Page County, asking the court to confirm a special assessment to pay for the cost of improvements to certain streets in the village. The improvements in question consisted of the repaving of streets and the installation of curbs, gutters and storm sewers in the area to be served thereby. As these streets had combined sanitary and surface drainage sewers the project provided for a disconnection of the present surface drainage sewers from the combined sanitary-storm sewers and the connection thereof to the proposed storm sewers.

The trial court sustained the objection of the property owners that the proposed improvement was not a local improvement and dismissed the petition.

The sole issue presented for review is whether the proposed improvement is a local or a general improvement.

At the hearing on the legal objections the village offered into evidence, without objection, the petition, assessment roll, certified copy of the ordinance, recommendation and estimate in order to make out its prima facie case for confirmation of its petition. (See *Village of Winnetka v. Taylor* (1919), 288 Ill. 624, 629, 124 N.E. 348.) The property owners introduced into evidence by judicial notice and stipulation of the parties the Environmental Protection Act (Ill. Rev. Stat. 1973, ch. 111½, par. 1001 *et seq.*) which calls for the establishment of a unified, statewide program for environmental protection; the rules and regulations of the Illinois Pollution Control Board which provides for the separation of combined sanitary-storm sewer systems; a notice by the Hinsdale Sanitary District to the village which stated that the storm and sanitary sewers must be separated; and the minutes of the special assessment hearing conducted by the village board of Hinsdale sitting as the village board of local improvements which made reference to the need to separate the two sewer systems because of the Pollution Control Board

regulation and the Hinsdale Sanitary District notice. After introducing these documents into evidence in an effort to show the proposed improvement was a general improvement, the property owners rested. The trial court found that the improvement was a general improvement and dismissed the village's petition.

The village contends that the evidence as to the general nature of the improvement introduced by the objectors did not overcome the prima facie case for confirmation established by the village's introduction of the assessment roll, the petition, recommendation, estimate and certified copy of the ordinance. The objectors, on the other hand, contend that because the sewer separation concerns an area which the State has recognized as a statewide concern—the purity of water—and because the improvement is being proposed pursuant to the Pollution Control Board rules and regulations concerning this statewide concern, the improvement is a general rather than a local improvement. The objectors conclude that this evidence is sufficient to establish the general nature of the improvement. In essence, the objectors contend that whenever an improvement is designed to alleviate a problem or area which has been recognized as a matter of statewide or national concern then, ipso facto, the primary purpose of the improvement is to benefit the public in general and thus the improvement is a general improvement.

■■ We agree with the village's contention. The mere fact that the state legislature has passed legislation in a certain field and declared such to be a problem of Statewide concern does not in and of itself make properly authorized improvements proposed by a local government which affect this Statewide concern, general rather than local improvements. (*Village of Glencoe v. Hurford* (1925), 317 Ill. 203, 219, 225, 148 N.E. 69.) In *Village of Glencoe v. Hurford* the objectors raised the issue of whether various State acts establishing a State highway system deprived the village of the power to make improvements to a State highway without the approval of the Department of Public Works and to pay for such improvements through a special assessment. Both the majority and dissenting opinions agreed that once the village is properly authorized to make such improvements the village may pay for such improvements by special assessment if they meet the test of a local improvement which was later defined as follows:

> "If its purpose and effect are to improve a locality, it is a local improvement, although there is incidental benefit to the public, but if the primary purpose and effect are to benefit the public it is not a local improvement although it may incidentally benefit property in a particular locality. [Citation.] The fact that an improvement will be of advantage to the city does not change its char-

acter as a local improvement. If primarily of material advantage to the adjacent property, and where the improvement enhances the value of adjacent property as distinguished from benefits diffused by it throughout the municipality it is a local improvement." *Village of Downers Grove v. Bailey* (1927), 325 Ill. 186, 191, 156 N.E. 362, 363.

Thus, even though a proposed improvement in part directly or indirectly benefits a problem of statewide concern, we will not consider it to be a general improvement if its primary purpose is to solve or alleviate the problem only in a particular locality. Certainly an improvement which improves a statewide problem in a particular locality will always benefit the public in some way. However, absent further proof, we cannot say that whenever an improvement affects a matter of statewide concern its primary purpose and effect is to benefit the general public rather than a particular portion thereof.

We do not believe the case most heavily relied upon by the objectors, *City of Chicago v. Law* (1893), 144 Ill. 569, 33 N.E. 855, supports the objectors' contentions that the primary purpose of an improvement made by a local government which affects a recognized area of statewide interest or concern must be considered to be one which benefits the public in general. In that case the city, acting under the directions of the sanitary district, undertook to deepen and widen the Chicago River as a local improvement, and attempted to pay for the improvement by special assessment of the property fronting on the river. The court found that the improvement was not local in nature.

Although the court found that the deepening and widening of the river affected an area of State and national concern, *i.e.,* interstate and intrastate commerce, the court based its ruling on its finding that the primary purpose and effect of the project was to increase commerce in such a way as to benefit the public in general and not to just benefit the fronting property owners in particular. There is no basis in the opinion for believing that the court would not have permitted at least part of the project to be financed by a special assessment if there had been a showing that the purpose and effect of the improvement was to increase commerce in order to primarily benefit the adjacent property owners in particular and that the public would be only incidentally benefited by this improvement. See *City of Waukegan v. DeWolf* (1913), 258 Ill. 374, 379-80, 101 N.E. 532.

Thus, we find that the objectors' evidence as to the primary purpose of the improvement—that the separation of the sewers was done pursuant to the rules and regulations of the Pollution Control Board in an effort to purify the water which is a Statewide concern—is not sufficient to estab-

lish that the primary purpose was to benefit the general public. The objectors failed to prove whether the sewer separation was designed to insure the purity of the water in all of the village or just in the particular locality. Additionally, there was evidence that the purpose of the improvement was to relieve local flooding and to improve the streets by repaving and installing curbs and gutters, both local benefits, as well as purifying the water. Furthermore, the objectors did not introduce any evidence as to whether the primary effect of the improvement was to benefit the public or the locality. There was no showing that the improvement was not primarily of material advantage to the adjacent property, and that it did not enhance the value of adjacent property as distinguished from the benefits diffused by it throughout the municipality or State. *Village of Downers Grove v. Bailey* (1927), 325 Ill. 186, 191, 156 N.E. 362.

■■ Therefore, the objectors have not shown that this improvement is a general improvement to be paid for solely by general taxation. As the village has presented a prima facie case which has not been overcome by the objectors, we find that the improvement in question is a local improvement. (See *Northwestern University v. Village of Wilmette* (1907), 230 Ill. 80, 82 N.E. 615 (the construction of an additional sewer system to handle excess surface water in part of the village is a local improvement).) Accordingly, the trial court's order dismissing the village's petition is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

T. MORAN, P. J., and SEIDENFELD, J., concur.